Argued and submitted November 23, 1987, affirmed June 1, reconsideration denied July 15, petition for review denied September 20, 1988 (306 Or 660)

PACHECO,
*Respondent,*

*v.*

BLATCHFORD,
*Appellant.*

(86 1450; CA A43920)

754 P2d 1219

Ben C. Fetherston, Jr., Salem, argued the cause for appellant. With him on the brief was Clark, Lindauer, McClinton, Todd & Krueger, Salem.

Gary E. Norman, Albany, argued the cause for respondent. With him on the brief was Scott & Norman, P.C., Albany.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant[1] appeals the denial of his motion to set aside a default judgment, arguing that his failure to appear in the action was due to excusable neglect. ORCP 71B. We affirm.

In June, 1986, plaintiff's attorney wrote to defendant, asserting a claim for damages arising out of an allegedly negligent root canal surgery performed by defendant. Defendant forwarded the letter to his insurance agent, who sent the letter to the insurance carrier. The carrier then contacted plaintiff's attorney. Following further communication, plaintiff's attorney sent a letter to the carrier in August, stating that, if he did not hear from the carrier within ten days, he would recommend filing a lawsuit. The carrier contacted that attorney regarding the claim, but there was no discussion of any potential lawsuit. On October 10, 1986, plaintiff filed his complaint, but did not send a copy to the carrier. Defendant was personally served on October 27, 1986. On November 28, plaintiff applied for and obtained a judgment by default. Defendant first became aware that a judgment had been entered when he received a letter from plaintiff's attorney dated January 15, 1987, which informed him that a judgment had been entered and demanded payment of $50,000. On February 5, defendant filed his motion to set aside the judgment, which the trial court denied.

We review a trial court's refusal to set aside a default judgment for abuse of discretion.[2] The trial court's determination of whether there was a sufficient showing of excusable neglect will not be disturbed except for a manifest abuse of such discretion. *Lowe v. Institutional Investors Trust,* 270 Or 814, 529 P2d 920 (1974).

We hold that the trial court did not abuse its discretion. Defendant acknowledged that he was served with summons and complaint. As stated in his affidavit in support of

___

[1] The defendants are William A. Blatchford personally and William A. Blatchford, D.D.S, P.C. We refer only to the individual defendant.

[2] We stated in *Hackett v. Alco Standard Corp.,* 71 Or App 24, 691 P2d 142 (1984), *rev den* 298 Or 822 (1985), that the trial court's discretion must be "controlled by fixed legal principles" and that, under circumstances which had been specifically addressed in earlier case law, a default judgment might have to be reversed as a matter of law. However, the facts of this case are not within the ambit of earlier cases.

the motion to set aside the default, he intended to send the documents to his insurance agent:

> "It was my intention at that time to send those documents to my insurance agent and company. It is my practice to forward such documents as soon as I receive them. I thought I had sent the documents to the proper representative of the company."

However, neither the agent nor the insurance carrier ever received the summons and complaint from defendant. In contrast to *Hackett v. Alco Standard Corp., supra* n 2, and *Reitz v. Coca-Cola,* 36 Or App 487, 584 P2d 791 (1978), where the defendants' officers had delegated total responsibility to take care of the matter, defendant's only request of his office staff was to send the documents to the insurance carrier. A week after he had been served, he received a letter from the carrier requesting that he cooperate on the claim.[3] Three weeks after service, he discussed the claim by telephone with the carrier's representative but failed to mention anything about the lawsuit. We hold that the trial court properly found that defendant's failure to appear was not due to excusable neglect.

Affirmed.

---

[3] The insurance carrier's representative apparently had had some difficulty in obtaining information on the claim from defendant.