Argued and submitted May 25, reversed and remanded for further proceedings August 8, reconsideration denied September 26, 1990, petition for review denied October 23, 1990 (310 Or 476)

Lyle H. VAN DYKE,
Myrtle R. Van Dyke, Frederick G. Witham
and Rest-A-Phone Corporation,
*Respondents,*

*v.*

VARSITY CLUB, INC.,
*Appellant.*

(A8606-03623; CA A60891)

796 P2d 382

Patrick N. Rothwell, Portland, argued the cause for appellant. With him on the briefs was Hallmark, Keating & Abbott, P.C., Portland.

Craig D. White, Portland, argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Edmonds and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant did not appear for trial, and the court entered a judgment for plaintiffs. Defendant contends that the trial court should have granted its motion to set aside the judgment under ORCP 71B. We reverse.

On June 19, 1986, plaintiffs filed a complaint alleging conversion, trespass and interference with plaintiffs' business by defendant. After a series of ORCP 21 motions by defendant and repleadings by plaintiffs, plaintiffs filed a third amended complaint on July 20, 1987. Defendant filed its answer on July 28, 1987.

A trial date was set for March 13, 1989. The circuit court sent computerized trial notices to the correct addresses of the attorneys for both sides. Plaintiffs' counsel received the notice and appeared in court on March 13, 1989. Defendant's counsel did not appear. The trial court telephoned defense counsel's office but did not reach him. After waiting two hours, the trial court proceeded without defense counsel, took plaintiff's testimony and entered a judgment against defendant. Subsequently, defendant moved under ORCP 71[1] for relief from the judgment. The court denied the motion.

■   Defendant maintains that its motion to set aside the judgment should have been granted, because its counsel never received notice of the trial and, therefore, counsel's failure to appear was "excusable neglect." ORCP 71B(1)(a). The record shows that the circuit court properly mailed the notice to defendant's attorney at his correct address. The notice was not returned undelivered to the court, which was shown as the sender address on the notice. When a notice is duly directed and mailed, it is presumed to have been received in the regular course of the mail. OEC 311(1)(q); see also OEC 311(1)(b), (m) and (p). The trial court considered that presumption in regard to defendant's counsel's claim that he never received the notice. It concluded that the motion to set aside the judgment should be denied. There were sufficient grounds for the trial

---

[1] ORCP 71B provides, in pertinent part:

"(1) On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; * * * or (d) the judgment is void[.]"

court to conclude that defendant did not defeat the presumption of delivery of the notice. Therefore, the court acted within its discretion in concluding that defendant received sufficient notice. *Pacheco v. Blatchford,* 91 Or App 390, 392, 754 P2d 1219, *rev den* 306 Or 660 (1988).

Defendant next contends that "[t]he March 13 proceeding resulted in a judgment by default" and that the judgment was void, ORCP 71B(1)(d), because "[p]laintiff failed to comply with the notice requirements of ORCP 69 * * *."[2] Despite the fact that defendant mischaracterizes what happened in the trial court, he is correct. Although the word "default" was used several times at the March 13 proceeding, the trial judge clarified the type of judgment that she intended to enter:

> "An order of default may be entered against Varsity Club—well, actually, strike that. *There's no order of default.* They made an appearance. They've appeared, but they haven't appeared before the trial—for the trial itself." (Emphasis supplied.)

The trial court did not intend to act under ORCP 69, but, rather, intended to proceed with the trial in the absence of defendant. However, the trial court had no authority to proceed in that manner. This is not the usual ORCP 69 case where a party fails to plead or to appear properly at any stage

---

[2] At the time of trial, ORCP 69 provided, in pertinent part:

"A. When a party against whom a judgment for affirmative relief is sought has been served with summons pursuant to Rule 7 or is otherwise subject to the jurisdiction of the court and has failed to plead or otherwise defend as provided in these rules, and these facts are made to appear by affidavit or otherwise, the clerk or court shall order the default of that party.

"* * * * *

"B.(2) In all other cases, the party seeking a judgment by default shall apply to the court therefor, but no judgment by default shall be entered against a minor or an incapacitated person unless they have a general guardian or they are represented in the action by another representative as provided in Rule 27. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing, or make an order of reference, or order that issues be tried by a jury, as it deems necessary and proper. The court may determine the truth of any matter upon affidavits. In the event that it is necessary to receive evidence prior to entering judgment, and if the party against whom judgment by default is sought has appeared in the action, the party against whom judgment is sought shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application."

of the proceeding. Rather, defendant engaged in extensive motion practice but failed to appear and defend at trial. Although the phrase "otherwise defend" in ORCP 69 logically could be read not to include a situation when a litigant fails, after pleading, to appear and defend at trial, *see, e.g., 6 Moore's Federal Practice* 55-13, ¶ 55.03(1) (2d ed 1988) the commentary to the rule indicates that, in Oregon, the failure to appear and defend *is* regulated by ORCP 69.

ORCP 69 was meant to be broader than the statute that it replaced, *former* ORS 18.080, which merely addressed default for failure to answer.[3] The commentary to the proposed rule noted that "[t]his rule would apply to anyone required to file a responsive pleading to a claim and to any person who failed to appear and defend at trial." *Council on Court Procedures, Oregon Rules of Civil Procedure and Amendments, Preliminary Drafts and Final Draft,* Commentary to Draft of Proposed Rules 67-74 at page 40 (October 15, 1979). Moreover, the commentary to the final rule provides, in pertinent part:

> "This rule is a combination of ORS 18.080 and Federal Rule 55. Under section 69A. *all* defaults by a party against whom judgment is sought would be covered by this rule. ORS 18.080 referred only to failure to answer. A failure to file responsive pleading, *or failure to appear and defend at trial,* or an ordered default under Rule 46, *would be regulated by this rule.*" Commentary to Rule 69, reprinted in Merrill, *Oregon Rules of Civil Procedure: 1990 Handbook* 217. (Emphasis supplied.)

Thus, under the circumstances existing here, where the defendant and counsel, without explanation, failed to appear for trial, the court should have proceeded under ORCP 69. Although an order of default could have been entered, ORCP 69B(2) required that plaintiffs give defendant 10 days written notice of the intent to apply for a judgment. That was

---

[3] *Former* ORS 18.080(1) provided, in relevant part:

"Judgment may be had upon failure to answer, as prescribed in this section. When it appears that the defendant * * * has been duly served with the summons, and has failed to file an answer with the clerk of the court within the time specified in the summons, or such further time as may have been granted by the court or judge thereof, the plaintiff shall be entitled to have judgment against such defendant * * *."

not done. The trial court erred in not proceeding under ORCP 69.

Reversed and remanded for further proceedings not inconsistent with this opinion.