Argued and submitted December 2, 1991, affirmed April 21, 1993

In the Matter of the Marriage of

Donald A. WEAVER, Jr.,
*Respondent,*

*and*

April A. WEAVER,
*Appellant.*

(15-90-07502; CA A68718)

851 P2d 629

Marjorie A. Schmechel, Eugene, argued the cause and filed the brief for appellant.

James J. Kolstoe, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

### DURHAM, J.

Wife appeals from an order denying her motion to set aside the judgment of dissolution of her marriage, which was entered after her failure to appear for trial. We affirm.

The parties separated in July, 1990, when wife moved with their three children from Oregon to California. Husband filed a petition for dissolution in Lane County on August 23, 1990. Wife was served on September 17, 1990, at her mother's residence, where she was living in California. She did not file a response, and, on October 19, husband filed notice of his intent to apply for a judgment by default. That notice was also served on wife at her mother's address. On November 16, wife filed a motion to dismiss husband's petition pursuant to ORCP 21, arguing that California was the proper forum under the Uniform Child Custody Jurisdiction Act (UCCJA) to decide the child custody issue. A hearing was held on the motion on December 17. Both parties and their attorneys were present. The trial court held that Oregon was the proper forum for determining custody and denied wife's motion. It also granted wife temporary custody of the children subject to husband's visitation.

Wife filed an appearance on December 31, 1990, and moved back to Oregon. The trial court granted husband an order restraining wife from removing the children from Oregon. The restraining order was served on wife's attorney, and wife had actual knowledge of the order. In January, 1991, wife took the children back to California and rented an apartment near her mother's home. Wife's attorney moved to withdraw from the case on January 4, 1991, because wife had dismissed him. Although the motion failed to state wife's address, as required by UTCR 3.140(1),[1] the trial court granted it. Trial was set for January 30, 1991. On January 10, 1991, a trial notice was sent by certified mail to wife at her mother's address. It was returned as "no forwarding order on file, unable to forward." Wife acknowledged, however, that her mother had told her that a certified letter had come for

---

[1] UTCR 3.140(1) provides, in part:

"An application to resign made pursuant to ORS 9.380 shall contain the name, address and telephone number of the party and of the new attorney, if one is being substituted."

her. On January 18, husband also mailed to wife, at her mother's address, a copy of a letter to the trial court, which gave the trial date.

A trial was held on January 30. Wife did not appear. The trial court took testimony and heard argument by husband's counsel. The court found that wife had violated the restraining order and granted the judgment of dissolution, which gave custody of the children to husband and prohibited wife from visiting them. The judgment was entered on February 4, 1991, and on February 11, wife was served with a copy of the judgment. On February 25, 1991, wife filed a motion to set aside the judgment, arguing that she was entitled to relief under ORCP 71 and ORCP 69, because she was not served with either notice of the trial date or notice of intent to seek an order of default. The trial court denied wife's motion.

■    Wife first assigns error to the trial court's determination that she was not entitled to relief under ORCP 71B(1)(a). She argues that her inadvertence or excusable neglect caused her not to receive notice of the trial date. We review the court's decision for abuse of discretion. *Pacheco v. Blatchford*, 91 Or App 390, 392, 754 P2d 1219, *rev den* 306 Or 660 (1988). The trial court found, and we agree, that wife knew or should have known that the dissolution proceeding was pending and that she was obligated to advise the court of her mailing address, but failed to do so. A copy of the letter stating the trial date was mailed to her mother's address, the last address that she had provided to the court. Wife was in close communication with her mother, knew of the attempted delivery of the certified letter and still failed to act. We conclude that the trial court did not abuse its discretion in deciding that wife was not entitled to relief under ORCP 71B(1)(a) for inadvertence or excusable neglect.

Wife also argues, relying on *Van Dyke v. Varsity Club, Inc.*, 103 Or App 99, 103, 796 P2d 382, *rev den* 310 Or 476 (1990), and ORCP 69A, that we should set aside the judgment under ORCP 71B(1)(d), because she did not receive 10 days' notice of husband's intent to apply for an order of default. ORCP 69A provides:

"When a party against whom a judgment for affirmative relief is sought has been served with summons pursuant to Rule 7 or is otherwise subject to the jurisdiction of the court

and has failed to plead or otherwise defend as provided in these rules, the party seeking affirmative relief may apply for an order of default. If the party against whom an order of default is sought has filed an appearance in the action, or has provided written notice of intent to file an appearance to the party seeking an order of default, then the party against whom an order of default is sought shall be served with written notice of the application for an order of default at least 10 days, unless shortened by the court, prior to entry of the order of default. These facts, along with the fact that the party against whom the order of default is sought has failed to plead or otherwise defend as provided in these rules, shall be made to appear by affidavit or otherwise, and upon such a showing, the clerk or the court shall enter the order of default.''

*Van Dyke* held that, under an earlier version of ORCP 69A,[2] a judgment entered against a defendant who had appeared by filing numerous motions but failed to appear for trial was a judgment by default and was void because the party who sought it had failed to give 10 days' notice of intent to apply for a judgment. The court reached that result by construing the phrase "failed to * * * otherwise defend" in ORCP 69A to apply to a party's nonappearance for trial.

Before *Van Dyke* was decided, ORCP 69A was amended to require 10 days' notice of an intent to apply for an order of default, not for a judgment by default. This case concerns the amended rule. The issue is whether we should follow the rationale of *Van Dyke* and construe the amended rule to apply to a party's failure to appear for trial.

In construing the ORCP, we follow ordinary principles of statutory construction to discern the drafters' intent. We first analyze the text and context of ORCP 69A. *See Boone v. Wright*, 314 Or 135, 138, 836 P2d 727 (1992). In *Columbia Steel Castings Co. v. City of Portland*, 314 Or 424, 430, 840

---

[2] *Van Dyke* was decided under the former version of ORCP 69A, which provided, in part:

"When a party against whom a judgment for affirmative relief is sought has been served with summons pursuant to Rule 7 or is otherwise subject to the jurisdiction of the court and *has failed to plead or otherwise defend as provided in these rules,* and these facts are made to appear by affidavit or otherwise, the clerk or court shall order the default of that party." (Emphasis supplied.)

P2d 71 (1992), the court stated a rule of statutory construction that applies equally to the construction of ORCP:

"Generally, and in the absence of some specific indication of a contrary intent, terms are read consistently throughout a statute. *See Knapp v. City of North Bend*, 304 Or 34, 41, 741 P2d 505 (1987) ('Absent any indication to the contrary, we assume that statutory terms have the same meaning throughout a statute')."

The key phrase in ORCP 69A, "otherwise defend as provided in these rules," does not demonstrate that the drafters regarded a failure to appear for trial as a default. As we noted in *Van Dyke*:

"[T]he phrase 'otherwise defend' in ORCP 69 logically could be read not to include a situation when a litigant fails, after pleading, to appear and defend at trial * * *." 103 Or App at 103.

Except for matters involving compulsory attendance procedures that are not relevant here, *see, e.g.*, ORCP 8 (process), nothing in ORCP requires a party to defend by appearing for trial.

We turn to the context of ORCP 69A. Other rules clarify the drafters' intention in using the term "defend" in that rule. ORCP 7C(2) provides:

"If the summons is served by any manner other than publication, the defendant shall *appear and defend* within 30 days from the date of service. If the summons is served by publication pursuant to subsection D.(6) of this rule, the defendant shall *appear and defend* within 30 days from the date stated in the summons. The date so stated in the summons shall be the date of the first publication." (Emphasis supplied.)

ORCP 15A provides:

"A motion or answer to the complaint or third party complaint and the reply to a counterclaim or answer to a cross-claim of a party summoned under the provisions of Rule 22 D. shall be filed with the clerk by the time required by Rule 7 C.(2) to *appear and defend*. Any other motion or responsive pleading shall be filed not later than 10 days after service of the pleading moved against or to which the responsive pleading is directed." (Emphasis supplied.)

Those rules impose the obligation, which the summons describes, to file a pleading or motion. *See also* ORCP 19A; ORCP 21A. The rules uniformly employ the phrase "appear and defend" to refer to a party's assertion of factual or legal contentions in a pleading or motion, not to a party's appearance at trial. None of the rules regarding trials use the term "defend" to obligate a party to physically appear for a trial. *See* ORCP 50, 51, 56 and 58. Because the drafters of ORCP used the term "defend" consistently to describe the obligation to file a pleading or motion, we assume that that term was used in the same sense in ORCP 69A.

■  In *Van Dyke v. Varsity Club, Inc., supra*, 103 Or App at 103, we said:

> "ORCP 69 was meant to be broader than the statute that it replaced, *former* ORS 18.080, which merely addressed default for failure to answer.[3]

> _____
>
> "[3] *Former* ORS 18.080(1) provided, in relevant part:
>
> " 'Judgment may be had upon failure to answer, as prescribed in this section. When it appears that the defendant * * * has been duly served with the summons, and has failed to file an answer with the clerk of the court within the time specified in the summons, or such further time as may have been granted by the court or judge thereof, the plaintiff shall be entitled to have judgment against such defendant * * *.' "

We adhere to that statement. *Former* ORS 18.080(1) applied only to a defendant's failure to file an answer. ORCP 69A applies to any party's failure to file a required responsive pleading or motion. *See* ORCP 15A. However, that expansion of the rule does not suggest that the drafters also intended it to encompass a nonappearance at trial.

*Van Dyke* held that ORCP 69A applied to a nonappearance at trial because the commentary to the proposed and final version of the rule indicated that it applied to a failure "to appear and defend at trial."[3] We decline to follow

_____

[3] *Van Dyke v. Varsity Club, Inc., supra*, 103 Or App at 103, says:

"The commentary to the proposed rule noted that '[t]his rule would apply to anyone required to file a responsive pleading to a claim and to any person who failed to appear and defend at trial.' *Council on Court Procedures, Oregon Rules*

that rationale. Although the staff commentary may be helpful in explaining how the drafters developed the language used in the rules, *see Johnson v. Johnson*, 302 Or 382, 392, 730 P2d 1221 (1986), we are reluctant to rely on it when, as here, it contradicts the rule's text and context. Professor Merrill said:

"The rules submitted are accompanied by and comments for each rule prepared by the Council staff. The comments represent staff interpretation of the rules and of the intent of the Council, and were not officially adopted by the Council." Merrill, *Oregon Rules of Civil Procedure: 1992 Handbook* 278.

That indicates that the commentary represents a staff interpretation of the intent of the Council on Court Procedures, not a statement of intent by the Council itself. The contradiction between the text and context of ORCP 69A and the commentary's reference to defending "at trial" suggests that the commentary does not accurately reflect the Council's intent on that point.

That inference is strengthened by the commentary's statement that "[t]his rule is a combination of ORS 18.080 and Federal Rule 55."[4] Citing federal case law, Professor Moore indicates that, under the federal rule, a party's failure to "plead or otherwise defend" refers to the obligation to file a responsive pleading and does not apply to a failure to appear at trial:

"The language 'plead or otherwise defend' relates to the provisions of Rule 12, which, in general, requires the

---

*of Civil Procedure and Amendments, Preliminary Drafts and Final Draft*, Commentary to Draft of Proposed Rules 67-74 at page 40 (October 15, 1979). Moreover, the commentary to the final rule provides, in pertinent part:

" 'This rule is a combination of ORS 18.080 and Federal Rule 55. Under section 69A. *all* defaults by a party against whom judgment is sought would be covered by this rule. ORS 18.080 referred only to failure to answer. A failure to file responsive pleading, *or failure to appear and defend at trial*, or an ordered default under Rule 46, *would be regulated by this rule*.' " Commentary to Rule 69, reprinted in Merrill, *Oregon Rules of Civil Procedure: 1990 Handbook* 217. (Emphasis in original.)

[4] Federal Rules of Civil Procedure 55(a) says:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

defendant to present any defenses in an answer served within 20 days of the date on which process was served, but permits the raising of certain defenses by motion, at the option of the pleader. * * *

"Sanctionable conduct, such as the failure to obey discovery orders or *the failure to appear at trial* or at pretrial conferences, *should not be construed to be a failure to 'otherwise defend' under Rule 55(a)."* 6 Moore, *Moore's Federal Practice*, 55-15-16, ¶ 55.03(1) (2d ed 1992). (Emphasis supplied.)

We assume that the Council on Court Procedures was aware of that accepted construction of the federal rule and intended ORCP 69A to have the same interpretation. The statement in the staff commentary that ORCP 69A was intended to apply to a failure to appear for trial was erroneous.

We have also considered the practical effect of the *Van Dyke* holding on trial procedure. We can discern no sound reason to require a trial court to halt a trial so that a party seeking affirmative relief can give a 10-day notice to an opponent who has disregarded a trial notice.[5] That impairs trial court efficiency and serves only the nonappearing party's interest in delaying entry of a judgment. The drafters of ORCP 69A did not intend to afford the procedural advantage of a 10-day notice to a party who fails or refuses to appear for trial after due notice. For these reasons, we no longer construe the phrase "otherwise defend" in ORCP 69A to refer to an appearance for trial.

We conclude that ORCP 69A did not require the trial court to delay the trial so that husband could follow the default procedures in ORCP 69A.

Affirmed. Costs to husband.

---

[5] In *McCumber and McCumber*, 72 Or App 529, 532, 695 P2d 992 (1985), we held that the trial court erred in entering a judgment by default under ORS 107.095(4), against a party that had "appeared" by filing a general appearance but had failed to appear for trial. The party was not afforded the 10-day notice required by ORCP 69A. We adhere to that ruling if the court purports to enter judgment by default. However, as this opinion indicates, the court is not required by ORCP 69A to treat a party's non-appearance for trial after due notice as a default.