Argued and submitted February 19, affirmed October 6, 1993

In the Matter of the Marriage of

Steven Dale BARLEEN,
*Respondent,*
*and*

Kim Louise BARLEEN,
*Appellant.*

(91-3525-D-1; CA A73407)

860 P2d 298

Donald R. Crane, Klamath Falls, argued the cause and filed the brief for appellant.

Michael Jewett, Medford, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

**PER CURIAM**

Mother appeals the trial court's order of January, 1992, refusing to set aside a July, 1991, modification of the custody provisions of a March, 1991, dissolution judgment.[1] We affirm.

The parties have not properly identified their documents, leaving to us the task of determining what transpired below and what is actually before us. That which mother has labelled a "motion to show cause" why the July judgment should not be vacated is, in effect, a motion under ORCP 71B(1)(c) to set aside the judgment for misconduct of an adverse party.[2] We treat the trial court's order "affirming" the July judgment as a denial of that motion.

Mother asks us to review *de novo* the July, 1991, modification judgment. We may not. The only action from which an appeal has been filed is the trial court's January, 1992, order denying mother's motion to set aside that judgment. We review the trial court's ruling for abuse of discretion. *Waybrant v. Bernstein,* 294 Or 650, 655 n 5, 661 P2d 931 (1983); *see also Weaver and Weaver,* 119 Or App 478, 851 P2d 629 (1993). Having reviewed the record, we conclude that the trial court did not abuse its discretion in refusing to set aside the 1991 judgment.

Affirmed. Costs, not including attorney fees, to father.

---

[1] The order also vacated an *ex parte* order staying the July, 1991, modification and a temporary custody order.

[2] The July judgment was based on a stipulated change of custody. In her motion, mother alleged that she had signed the stipulation under duress. ORCP 71(B)(1)(c) allows the court to set aside a judgment for "fraud, misrepresentation, *or other misconduct of an adverse party.*" (Emphasis supplied.)