Argued and submitted January 21, reversed and remanded with instructions
June 8, petition for review denied September 27, 1994 (320 Or 270)

# BURT & GORDON,
## an Oregon professional corporation,
### *Respondent,*

*v.*

## Alexander STEIN,
### by and through
### John H. Mitchell,
### Chapter 7 Trustee of
### the Estate of Alexander V. Stein,
### *Appellant.*

### (8910-05778; CA A69147)

876 P2d 338

John S. Ranson argued the cause for appellant. On the briefs were Mark E. Griffin, Grinn & McCandlish and Ransom, Blackman & Weil.

Gregory B. Snook argued the cause for respondent. With him on the brief was Kilmer, Chenoweth, Voorhees, Laurick & Groce, P.C.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

De Muniz, J., dissenting.

## ROSSMAN, P. J.

Plaintiff is a law firm doing business in Portland. In 1988, defendant Stein[1] hired Mark Gordon, an attorney then employed by plaintiff, to aid in certain legal matters. Defendant signed a standard retainer agreement that required payment of all fees for professional services rendered and provided for the recovery of reasonable attorney fees and costs incurred by plaintiff to enforce the terms of the agreement. The retainer agreement also provided:

> "[A]ny dispute between us concerning our agreement shall be governed by the laws of the State of Oregon and shall be litigated in Multnomah County, Oregon."

The legal services that Gordon provided to defendant were performed, with minor exceptions, in Multnomah County.

On September 25, 1989, while he was at plaintiff's law office, defendant executed a confession of judgment in favor of plaintiff for his then-outstanding account balance of $54,936.21, together with interest at the rate of 12 percent per annum until paid. Defendant and Gordon agreed that plaintiff would delay application for the confession of judgment for "roughly 10 days" in order to give defendant the opportunity to pay his outstanding account balance. Plaintiff made application for the confession of judgment on October 4, 1989, and judgment was entered for plaintiff in the amount of $54,936.21 on October 5, 1989. On that date, defendant resided in Los Angeles, and was not in Multnomah County.

On December 28, 1990, defendant moved to set aside the judgment pursuant to ORCP 71, contending that it was void, because he was not in Multnomah County at the time application was made for the judgment, as required by ORCP 73. The circuit court denied the motion. We review the trial court's ruling for abuse of discretion. *Pacheco v. Blatchford,* 91 Or App 390, 392, 754 P2d 1219 (1988).

ORCP 73A(1) provides, in part:

> "Judgment by confession may be entered without action for money due in the manner prescribed by this rule. Such

---

[1] After filing the notice of appeal, Stein filed for bankruptcy, and the trustee of the bankruptcy estate was substituted as defendant. A stay of the appeal was issued, but later lifted. We refer to Stein as defendant throughout this opinion.

judgment may be entered in any court having jurisdiction over the subject matter. *The application to confess judgment shall be made in the county in which the defendants, or one of them, reside or may be found at the time of the application. A judgment entered by any other court in any other county has no force or validity, notwithstanding anything in defendant's statement to the contrary.*" (Emphasis supplied.)

The parties agree that defendant was neither residing nor physically present in Multnomah County at the time plaintiff made application for the confession of judgment. Plaintiff contends, and the trial court apparently agreed, that defendant nonetheless could "be found" in Multnomah County, within the meaning of ORCP 73A(1), because he consented to venue in Multnomah County over any dispute involving the retainer agreement. Plaintiff contends that its conclusion

"is consonant with, and does not offend, the *purpose* of ORCP 73A(1), which is intended to 'prohibit the sort of forum shopping encountered when the plaintiff is authorized to confess judgment anywhere in the world,' and to provide defendants in confessions of judgment proceedings with 'due process protection [to ensure] the defendant a local court for [the] procedure.' " (Emphasis plaintiff's.) (Quoting *Council on Court Procedures, Oregon Rules of Civil Procedure and Amendments, Preliminary Drafts and Final Draft*, Commentary at 88 (October 15, 1979).)

Plaintiff assures us that forum shopping is not a concern here, because defendant agreed to venue in Multnomah County. That is well and good; however, it does not permit an interpretation of ORCP 73A(1) beyond the plain meaning of the words used, even if plaintiff's interpretation would not be inconsistent with the purpose of the rule.

Apart from the parties' agreement concerning venue for the litigation of disputes between them, the words of ORCP 73A(1) clearly require that, in order for plaintiff to take a confession of judgment, defendant must actually reside or be physically present in the county where and when the application for confession of judgment is made. Contrary to the view of the dissent, we conclude that the words "may be found" mean physical presence and are not a code for some other "legal" presence. If the legislature had intended "may be found" to refer to anything but physical presence, it surely had the ability to describe those circumstances. Taking the

words at their face value, they mean that application for confession of judgment must be made where the defendant resides or is physically present. A judgment taken in any other county "has no force or validity."

■      The only remaining question concerns the meaning of that phrase. Plaintiff asserts that the language means that the judgment is voidable but not void, and contends that several considerations here, including estoppel and waiver, require that defendant not be permitted to challenge the judgment and that it be given full force and effect.

■      Plaintiff's rationale is that ORCP 73A(1) addresses venue, not jurisdiction, and that defects in venue, as opposed to jurisdiction, do not render a judgment void. We need not decide whether the rule addresses venue or jurisdiction. In either case, the consequence of its violation is clear. The judgment is void. The Council on Court Procedures commentary to ORCP 73A(1) states:

> "Note, these provisions are in the nature of venue rules but are not ordinary venue provisions controlling case flow but more in the nature of a due process protection granting the defendant a local court for this unusual procedure. The effect of failure to comply is an invalid judgment where a venue defect does not invalidate the judgment." *Council on Court Procedures, Oregon Rules of Civil Procedure and Amendments, Preliminary Drafts and Final Draft*, Commentary at 88 (October 15, 1979).

In other words, although ORCP 73A(1) is analogous to a rule of venue, the analogy does not extend to the consequence of a failure to file in the correct county. In order to insure that the usual procedures of confession of judgment will take place only in the defendant's "local court," the rule expressly provides that judgment taken in any other court has no force or validity; that means that it is void. A void judgment is subject to collateral attack at any time. *See, e.g., Hughes v. Aetna Casualty Co.*, 234 Or 426, 450, 383 P2d 55 (1963). As *Black's Law Dictionary* 1412 (5th ed 1979), provides, a "void judgment" is

> "[o]ne which has no legal force or effect, [the] invalidity of which may be asserted by any person whose rights are affected at any time and at any place or collaterally. One which, from its inception is and forever continues to be

absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. One that has merely semblance without some essential elements, as want of jurisdiction or failure to serve process or have party in court." (Citation omitted.)

Because the judgment was void, the trial court's failure to set it aside was an abuse of discretion.

■■ Plaintiff advances a strong argument that the facts, when viewed most favorably to plaintiff, support the position either that defendant waived his right or is estopped to challenge the judgment, or that his challenge was untimely. Those factual issues ultimately would have been decided by the trial court; however, in view of our holding that the circuit court judgment is void, we do not address them, because they are not grounds on which one may be barred from collaterally attacking a void judgment.

In purporting to decide whether the judgment is void or voidable, the dissent overlooks the fact that that question has not been left to us to decide. The legislature has made the decision by providing expressly that a confession of judgment taken in the wrong county is of no force or validity. It has decided that such a judgment is a nullity. That being the case, there is no basis for considering plaintiff's arguments regarding waiver or estoppel. The cases cited by the dissent regarding consent to personal jurisdiction do not persuade us otherwise. In light of the strong and precise language of ORCP 73A(1), there is no circumstance under which defendant could consent to application of judgment in a county other than the one in which he resided or could be found.

Reversed and remanded with instructions to vacate judgment by confession.

**De MUNIZ, J.,** dissenting.

The majority does not explain why the phrase "may be found" in ORCP 73A means "physical presence," and I do not agree that that interpretation is self-evident.[1] I would

---

[1] It might also refer to the site at which a debt was incurred, a principal place of business, or locations where service might be effected under ORCP 7.

hold that defendant's consent in the retainer agreement to venue in Multnomah County is an agreement to "be found" there.

However, even assuming that a party must be "physically present" in the county where and when application for confession of judgment is made, I cannot agree with the majority that the phrase "has no force and validity" means that the judgment is void for all purposes. ORCP 73A(1) does not state that the judgment is "void," and *Black's Law Dictionary*, on which the majority relies, does not reflect Oregon law as to when a judgment will be set aside.

The majority's concept of the validity of a judgment reflects the older view, described in the introductory note to Chapter 2, "Validity of Judgment," *Restatement (Second) Judgments* 19 (1982):

> "As expressed in the first Restatement, the concept of validity of a judgment can be described as follows:
>
> > "1. When certain requirements have been met concerning notice, territorial jurisdiction, and subject matter jurisdiction, a judgment is valid.
> >
> > "2. If those requirements are not met, the judgment is a legal nullity for all purposes.
> >
> > "3. If those requirements have been met the judgment is unimpeachably effective * * * except that relief may be obtained from its effects through equitable remedies * * *."

The more recent view is also summarized in *Restatement (Second) Judgments, supra*:

> "The approach taken in the present formulation can be described as follows:
>
> > "1. A court may properly render judgment only when certain requirements have been met concerning notice, territorial jurisdiction, and subject matter jurisdiction.
> >
> > "2. If those requirements have not been met, the judgment may be subject to avoidance and hence being treated as a legal nullity, depending on the nature of the defect concerning the particular requirement, the opportunity that the complaining party had to challenge the

defect, and whether there has been reliance on the judgment since its rendition.

"3. If the requirements have been met, the judgment is effective to the extent and with the qualifications accorded a valid judgment * * * except that relief may be obtained from its effects, or at least some of them, through various procedures whose appropriateness depends on the circumstances under which relief is sought."

Oregon follows that recent approach: A "void" judgment is not *per se* a legal nullity. ORCP 71B(1), promulgated at the same time as ORCP 73, provides, as pertinent, that, if a motion is made "within a reasonable time,"

"and upon such terms as are just, the court *may* relieve a party or such party's legal representative from a judgment for the following reasons [including that] * * * (d) the judgment is void * * *." (Emphasis supplied.)

Thus, under ORCP 71, a court has the discretion to determine whether or not to set aside a confession of judgment that did not meet the requirements of ORCP 73A.[2]

However, even if the majority is correct that the judgment is "void," it is clear that defendant could — and that he did — waive any objection to the judgment on the basis that he could not be "found" in Multnomah County. Even though it is fundamental that a proper judgment may be rendered only when notice and jurisdiction requirements have been met, *see Restatement (Second) Judgments, supra*, even those requirements may be waived. In *State ex rel Karr v. Shorey*, 281 Or 453, 575 P2d 981 (1978), the defendant had signed a stipulation permitting entry of an order establishing paternity. About four years later, he sought to have the order set aside, contending that his constitutional notice requirements had been violated. This court held that the defendant's stipulation did not constitute an "appearance," that the trial court

---

[2] I would also hold that the court did not abuse its discretion in refusing to set aside the judgment as untimely. When defendant signed the confession of judgment, he knew the date that it was to be entered. He was given notice of that date and also notice that execution on the judgment would follow. Plaintiff executed on defendant's stock in two companies. However, defendant waited for more than 14 months before moving to set aside the judgment. He did so only when plaintiff's sale of the stock had resulted in proceeds in excess of $1,000,000.

thus did not have jurisdiction over defendant and, therefore, that the order of paternity had to be vacated.

The Supreme Court reversed. The court cited authorities from other jurisdictions holding that a defendant could agree to a court's jurisdiction, and relied primarily on *D. H. Overmyer Co. v. Frick Co.*, 405 US 174, 92 S Ct 775, 31 L Ed 2d 124 (1972). There, the United States Supreme Court held that due process rights to notice and hearing before entry of a civil judgment may be waived, if the waiver is knowing and voluntary. Agreeing with the cited authorities, the Oregon Supreme Court held that

> "personal jurisdiction over a defendant may be obtained * * * as the result of consent given by agreement made prior to the filing of an action, suit or other proceeding." 281 Or at 461.

When a defendant consents to jurisdiction, the defendant also submits to the procedure necessary for the agreed-upon order to be entered. To hold that a defendant did not so agree would mean that the defendant never intended to abide by the agreement. 281 Or at 464.

If a defendant may consent to waive the constitutional requirements of jurisdiction and notice, it is nonsensical to hold that a defendant cannot agree to waive the requirements of a rule of procedure. Defendant can waive them, and he has. In engaging the professional services of plaintiff, he agreed that any dispute over the attorney fee agreement would be governed by Oregon law and litigated in Multnomah County. He knowingly and voluntarily signed the confession of judgment that he knew would be entered in Multnomah County. He requested delay of entry of that judgment. Those facts clearly show that defendant waived any objection to the procedure under which the judgment would be entered. The trial court did not abuse its discretion in refusing to set the judgment aside. I would affirm.