Argued and submitted November 9, 1995, remanded in part; otherwise affirmed
March 13, 1996

In the Matter of the Marriage of

Stacey Eileen LOVETTE,
*Respondent,*

*and*

Timothy Mark LOVETTE,
*Appellant.*

(15-94-05549; CA A87607)

913 P2d 333

George W. Kelly argued the cause and filed the brief for appellant.

Stacey E. Johanson, fka Stacey E. Lovette, waived appearance.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Husband appeals from a dissolution judgment entered after he failed to appear for trial. In June 1994, wife filed for dissolution, and, in July, husband filed a response. Trial was set for February 3, 1995. At 2:50 in the afternoon on that date, husband's counsel moved to postpone the trial. Counsel informed the court that husband was not present and that "he did not tell me why he was leaving, but he did say he was feeling ill." The court described what occurred:

"[T]he record should reflect that we had a conference in chambers this morning with the parties and — which ended about a quarter to 12:00 — and the Court instructed the parties at this point that we would either begin the hearing at 1:30 or we would have a settlement for the record. And the Court — counsel was supposed to advise me accordingly at 1:30.

"And I was told shortly after 1:30 that the parties were very close and they needed just a few minutes to wrap up some things. And then, the last we heard, apparently, [husband] has chosen not to be here."

The court denied the motion to postpone. Husband's counsel then informed the court that counsel was not authorized to proceed and asked to withdraw. The court granted counsel's motion. Wife then presented a *prima facie* case. On February 8, the court signed the judgment prepared by wife's counsel that, *inter alia*, made the property division and award of attorney fees that husband challenges.

■ Husband first assigns error to the court's denial of the motion to postpone the trial, arguing that the court should have "attempted" to inquire as to whether he was ill, the nature of the illness and whether his departure was only temporary. We find no abuse of discretion. The court had made it clear to the parties that, in the absence of settlement, trial would be held that afternoon. Although husband's counsel suggested that husband might be ill, husband had not provided counsel with that reason — or, indeed, with any reason at all. Without any explanation given by husband, we cannot conclude that the court had an independent obligation to inquire further.

Husband also assigns error to the property distribution. He suggests a distribution that he contends would be more equitable and argues that any distribution is "preferable" to the one ordered by the court. However, on the scant record before us, we do not agree with husband that the division awarded by the court was "unfair." On *de novo* review, we will not disturb it.

■ Husband also argues that the court erred in awarding attorney fees without first giving him an opportunity to object. The judgment stated that "IT IS HEREBY ORDERED AND ADJUDGED that [husband] is found to be in default and default is hereby entered." The judgment awarded attorney fees of $9,066.

■ Under ORCP 68 C(4)(a), a party seeking attorney fees shall, within 14 days of judgment, file a statement of the fees and serve a copy of the statement "on all parties who are not in default for failure to appear." By implication, a defaulting party has no right to object to an award of fees. ORCP 69 A provides:

> "When a party against whom a judgment for affirmative relief is sought has been served with summons pursuant to Rule 7 or is otherwise subject to the jurisdiction of the court and has failed to plead or otherwise defend as provided in these rules, the party seeking affirmative relief may apply for an order of default. If the party against whom an order of default is sought has filed an appearance in the action, * * * then the party against whom an order of default is sought shall be served with written notice of the application for an order of default at least 10 days, unless shortened by the court, prior to entry of the order of default. These facts, along with the fact that the party against whom the order of default is sought has failed to plead or otherwise defend as provided in these rules, shall be made to appear by affidavit or otherwise, and upon such a showing, the clerk or the court shall enter the order of default."[1]

There is no question here that husband did not receive notice under either ORCP 68 or ORCP 69 A. He argues that the court erred in ordering a default. He argues

---

[1] The record does not show that the court shortened that time here.

that the language of ORCP 69 A is mandatory, *see McCumber and McCumber*, 72 Or App 529, 532, 695 P2d 992 (1985) (a default judgment entered without compliance with the rule is invalid), and that, because he filed an appearance, no judgment finding him in default could be entered without the 10 days notice required by ORCP 69 A.

We agree that the judgment by default was in error. In *Weaver and Weaver*, 119 Or App 478, 851 P2d 629 (1993), the wife had filed an appearance in the dissolution proceeding brought by her husband, but she did not appear for trial. She sought to set aside the judgment, arguing that she was entitled to relief because, *inter alia*, she had not been served with notice of the husband's intent to seek an order of default. We considered the phrase "otherwise defend" in ORCP 69 and determined that it did not refer to a failure to appear at trial. *Id.* at 486. We held that ORCP 69 A did not, therefore, require the trial court to delay the trial in order to follow the procedures for obtaining an order of default. *Id.* However, we reaffirmed our holding in *McCumber* that it was error to enter a judgment by default

> "against a party that had 'appeared' by filing a general appearance but had failed to appear for trial. The party was not afforded the 10-day notice required by ORCP 69 A. *We adhere to that ruling if the court purports to enter judgment by default.* However, as this opinion indicates, the court is not required by ORCP 69 A to treat a party's non-appearance for trial after due notice as a default." 119 Or App at 486 n 5 (emphasis supplied).

Husband's failure to appear for trial did not prevent the court from proceeding, but the proceeding was not a hearing on a default but a trial. *Former* ORCP 69 C, now renumbered as ORCP 58 E, provides:

> "When a party who has filed an appearance fails to appear for trial, the court may, in its discretion, *proceed to trial and judgment* without further notice to the non-appearing party." (Emphasis supplied.)[2]

---

[2] The staff comment stated that the

"Council believes that a failure of a defendant to appear at trial should not be treated as a default for any purposes of this rule, since defendants are under no duty or obligation to do so, and because the 10-day requirement causes unnecessary delays and unfairness to plaintiffs who appear prepared for trial. The Council intends that, in the foregoing circumstances, trial judges should

It was error to enter a judgment that purported to find husband in default, because he was not in default. He had filed an appearance. Under ORCP 69 A, he had not failed to "plead or otherwise defend." Accordingly, it follows that it was error to award attorney fees without the notice required by ORCP 68.

Remanded for entry of amended judgment (1) deleting provision finding that husband is in default and entering a default and (2) vacating award of attorney fees; otherwise affirmed. No costs to either party.

---

have authority to proceed with trial, while retaining customary discretion to proceed otherwise when warranted." Commentary to Rule 69, 25 Or Adv Sh [A-50] (1993).