No. 300　　　　　May 8, 2024　　　　　489

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Fadwa Abdel Sattar KHARMA,
*Petitioner-Respondent,*
*and*

Mohammad Awni ALJUNDI,
*Respondent-Appellant.*

Washington County Circuit Court
21DR12981; A179068

D. Charles Bailey, Jr., Judge.

Argued and submitted April 3, 2024.

George W. Kelly argued the cause and filed the briefs for appellant.

Michael J. Fearl argued the cause for respondent. Also on the brief was Schulte, Anderson, Downes, Aronson & Bittner, PC.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Reversed and remanded.

## AOYAGI, P. J.

Husband appeals a general judgment of marital dissolution and a supplemental judgment for attorney fees and costs. He raises three assignments of error. First, husband argues that the trial court erred by treating him as "in default" for failing to personally appear at the dissolution trial and, consequently, not allowing his lawyer to participate in the trial. Second, husband argues that the trial court erred by denying his motion to dismiss. Third, husband argues that the trial court erred by awarding costs and fees to wife, which argument is derivative of his challenge to the general judgment. For the following reasons, we conclude that defendant's first assignment of error is well taken, which also means that his third assignment of error is well taken. We therefore reverse both the general judgment and the supplemental judgment and remand for further proceedings. As for the second assignment of error, husband may raise that issue again on remand if he wishes to do so.

Wife petitioned for dissolution. Husband filed a responsive pleading, thus "appearing" in the case. *Lovette and Lovette*, 139 Or App 550, 555, 913 P2d 333 (1996) (husband "filed an appearance" by responding to wife's petition for dissolution of marriage). On the morning of trial, husband's lawyer was present, but husband was not. The trial court twice described husband as being "in default"; indicated to wife that she needed only to put on a "*prima facie* case"; and, when husband's lawyer made an objection to the form of a question, told husband's attorney that he "didn't get to object" given husband's failure to appear, after which husband's lawyer did not try again to participate. The trial concluded in less than an hour.

After the trial, the court entered a general judgment dividing property and otherwise resolving the case in a manner favorable to wife. The general judgment states that husband "did not appear," but that his counsel "appeared," and that "[wife] presented a prima facie case because [husband] failed to appear at the time and place set for trial." The court later entered a supplemental judgment awarding fees and costs to wife.

In his first assignment of error, husband contends that the trial court erred by treating him as "in default" and not allowing his lawyer to participate in the trial. Husband acknowledges that he did not preserve his claim of error and therefore requests plain-error review. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."); ORAP 5.45(1) (allowing discretionary review of "plain" errors). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

We agree with husband that the trial court committed a plain error. "Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, * * * unless otherwise specifically provided by law." ORS 9.320. Thus, as a general rule, a person may appear, in writing or in court, through an attorney. *Id.*; *see also* ORS 9.310 ("An attorney is a person authorized to represent a party in the written proceedings in any action, suit or proceeding, in any stage thereof. An attorney, other than the one who represents the party in the written proceedings, may also represent a party in court, or before a judicial officer[.]"). There are exceptions to that general rule. For example, a properly notified parent must personally appear to respond to a petition for juvenile dependency jurisdiction and "may not appear through [an] attorney." ORS 419B.815(8). Another example is that a criminal defendant must "appear in person" for trial on a felony charge. ORS 136.040(1). Here, wife has not identified, nor did the trial court cite, any statute requiring personal appearance for a dissolution trial.

Notably, ORCP 58 E provides, "When a party who has filed an appearance fails to appear for trial, the court may, in its discretion, proceed to trial and judgment without further notice to the non-appearing party." The staff comment for that provision (previously numbered ORCP 69 C (1994)) recognizes that defendants are not obligated to be

present for trial—the Council on Court Procedures "believes that a failure of a defendant to appear at trial should not be treated as a default for any purposes of this rule, since defendants are under no duty or obligation to do so." Council on Court Procedures, Staff Comment to Rule 69, *reprinted in* Frederic R. Merrill, *Oregon Rules of Civil Procedure: A Handbook* 206 (1994); *see also Lovette*, 139 Or App at 554 n 2 (quoting same). Thus, as we explained in *Lovette*, even if a party who has filed a responsive pleading fails to appear for trial at all—personally or through an attorney—the court should not enter a default order or judgment but may proceed to trial. 139 Or App at 554 & n 2.

In this case, the trial court believed that husband was required to appear personally for the dissolution trial and that, having failed to do so, he could not participate in the trial through counsel. Consistent with that belief, the court told wife that she needed only to present a *prima facie* case, and the court told husband's attorney that he "didn't get to object" to wife's evidence given husband's failure to appear. That was plainly erroneous, because husband was not required to appear personally.[1] As husband acknowledges on appeal, it might have been a better choice to personally appear, for a variety of reasons, but husband was permitted to appear through counsel.

In arguing that the trial court did not plainly err, wife does not take a different view of the law. Rather, she implicitly agrees with the law as described above. Her argument for affirmance turns on a different reading of the trial record. In wife's view, the court used the term "in default" in a colloquial sense and, in telling husband's attorney that he "didn't get to object," meant only to discourage weak objections.

Having reviewed the record, we agree that the trial court did not mean "default" in the sense of an actual default order under ORCP 69. *See* ORCP 69 (setting out specific procedures for default orders and judgments). It is undisputed that the court did not follow the procedures for a

---

[1] We express no opinion on any inherent authority that trial courts may have to order parties to appear personally for a dissolution trial, because husband was not ordered to personally appear for the dissolution trial in this case.

formal default under ORCP 69.[2] However, at the same time, we disagree that the court used "default" in a "colloquial" sense. Rather, on this record, it is clear that the court used "default" to mean that someone was required to personally appear and failed to do so. *See, e.g.*, *Dept. of Human Services v. S. C. T.*, 281 Or App 246, 260, 380 P3d 1211 (2016), *rev den*, 360 Or 752, *rev den*, 360 Or 851 (2017) ("Although a parent may have initially answered the summons and petition by appearing at an earlier hearing or by filing a written answer, a parent who later violates the court's order to appear personally [pursuant to ORS 419B.815(8)] may be found to be in 'default' with regard to the requirement to appear on the merits."). That is, the court mistakenly believed that, like a parent required to appear personally on a dependency petition under ORS 419B.815(8), husband was required to appear personally for the dissolution trial and, having failed to do so, was "in default" and could not appear through counsel.

Having concluded that the error was plain, we must decide whether to exercise our discretion to correct it. *Gornick*, 340 Or at 166. The error was grave, because not allowing husband to participate in the dissolution trial through counsel resulted in a fundamentally unfair trial. We therefore exercise our discretion to correct the error and, accordingly, reverse and remand for a new trial on the dissolution petition.

We turn to husband's second assignment of error. In his second assignment of error, husband contends that the trial court erred by summarily denying the motion to dismiss that husband filed the day before trial. In that motion, husband asserted that the parties' marriage had already been dissolved by a Jordanian court. (The parties were married

---

[2] Although neither party mentions ORS 107.095(4), we note that the trial court also did not follow that statutory procedure, and we do not understand it to have intended to do so. Under ORS 107.095(4), in "a suit for annulment or dissolution of marriage or for separation," where "the cause is otherwise ready for hearing on the merits," the court "may" enter judgment based on a current affidavit or declaration, in lieu of holding a hearing, in certain circumstances. It may do so, however, only where "the parties are copetitioners or the respondent is found by the court to be in default or *the respondent having appeared has waived further appearance* or the parties stipulate to the entry of a judgment." ORS 107.095(4) (emphasis added).

in Jordan.) Husband did not submit any evidence with the motion, the motion was not discussed at trial in husband's absence, and the trial court summarily denied the motion shortly after trial. At oral argument, husband clarified that the relief he is seeking on the second assignment of error is not dismissal but, instead, only an opportunity to litigate the motion to dismiss. Given that fact and given that we are already remanding for a new trial, we do not address the second assignment of error. On remand, husband may re-raise the jurisdictional issue from his motion to dismiss, if he wishes to do so.

Finally, in his third assignment of error, husband challenges the award of attorney fees and costs to wife, seeking reversal of the supplemental judgment in the event that we reverse the general judgment. "When an appeal is taken from a judgment under ORS 19.205 to which an award of attorney fees or costs and disbursements relates[, and] the appellate court reverses the judgment, the award of attorney fees or costs and disbursements shall be deemed reversed[.]" ORS 20.220(3)(a); *see also PNC Multifamily Capital v. AOH-Regent Ltd. Partnership*, 262 Or App 503, 518, 329 P3d 773 (2014) ("[B]ecause the supplemental judgment for attorney fees was predicated on the general judgment of dismissal, we reverse that judgment as well."). Having reversed the general judgment, we also reverse the supplemental judgment.

Reversed and remanded.