Argued and submitted January 19, affirmed April 26, 1995

Joyce A. SHOOK,
*Respondent,*

*v.*

Michael VONDER HAAR,
*Appellant,*

*and*

Jane Doe VONDER HAAR,
*Defendant.*

(902029; CA A83890)

894 P2d 1178

Dale L. Crandall argued the cause and filed the briefs for appellant.

Marilyn M. Wall argued the cause for respondent. With her on the brief was Wall & Wall, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals from a judgment of strict foreclosure in an action to foreclose a land-sale contract.[1] He objects on appeal to the trial court's decision to include in the judgment interest owed on the contract during a period in which the contract had been foreclosed pursuant to a prior judgment. We affirm.

Plaintiff sold defendant a house and certain personal property in Tillamook County under a contract dated May 27, 1988. The sale price was $85,000, of which defendant paid $15,000 down. The balance of $70,000 accrued interest at the rate of nine percent per annum.

The contract required defendant to maintain casualty insurance on the property, and to pay the real property taxes due on the property. It also required defendant to make monthly payments to plaintiff of $564.

In early 1990, plaintiff learned that defendant had allowed the casualty insurance on the property to lapse, and had failed to pay property taxes when due. Defendant also stopped making monthly payments on the contract in April 1990.

In response, plaintiff filed an action in April 1990 to foreclose the contract. Plaintiff tried, but failed, to serve defendant personally with summons and complaint in the action. Plaintiff then sought approval from the court to serve defendant by publication in a Tillamook County newspaper, which the court allowed. Plaintiff thereafter served defendant by publication. Defendant did not appear in response to the published summons and complaint, and a default order was entered against him. Based on the default, the court on December 4, 1990, entered a judgment foreclosing defendant's interest in the real property and awarding possession of the property to plaintiff.

After defendant learned of the judgment, he filed a motion under ORCP 7 D(6)(f) to be allowed to defend the action notwithstanding entry of the judgment, and under

---

[1] The defendant to whom we refer is Michael Vonder Haar. The complaint named Jane Doe Vonder Haar as a defendant, but she was not served and did not appear in the action.

ORCP 71 B for relief from the judgment. He also filed a notice of pendency of the action under ORS 93.740.[2] The trial court denied defendant's motion, and defendant appealed.

On appeal, we reversed the denial of the motion for relief from judgment on the ground that the trial court had not acquired personal jurisdiction over defendant. *Shook v. Vonder Harr,* 114 Or App 638, 834 P2d 552 (1992). Our ruling was based on plaintiff's failure to make the showing necessary to allow the court to order service by publication. *See Kintigh v. Elliott,* 280 Or 265, 570 P2d 659 (1977).

The appellate judgment reversing the trial court was entered on October 13, 1992, and became effective on that date. *See* ORS 19.190. Although the trial court never entered an order granting relief from the judgment, the parties treat the appellate judgment as having done so as of the date of its entry.

The parties thereafter proceeded to trial on plaintiff's claim for strict foreclosure of the contract, and on defendant's claim for waste allegedly committed by plaintiff during the time she had possession of the property as a result of the prior foreclosure judgment. The trial court found in plaintiff's favor on these claims, and entered an interlocutory judgment of strict foreclosure of the contract.

Over defendant's objection, the judgment included more than $11,000 in interest on the contract for the period during which defendant's rights under the contract had been foreclosed by the prior judgment, that is, for the period from December 4, 1990, to October 13, 1992. On appeal, defendant assigns error to the trial court's decision to include interest for that period.

There is no dispute that defendant's rights under the contract were foreclosed by the December 4, 1990, judgment. Thus, during the time the judgment was in effect, defendant had no rights or obligations under the contract. He was not entitled to possession of the property, and he was not obliged

---

[2] The filing of that notice presumably was intended to prevent plaintiff from selling the property while defendant sought to litigate his right to resist foreclosure of his interest in the property.

to make monthly payments, pay taxes or maintain casualty insurance on the property.

■    The issue, though, is the effect to be given the decision to set aside the December 4, 1990, judgment and reinstate the contract. Defendant argues that the reinstatement should be prospective only, so that the judgment rather than the contract will be held to control the parties' rights during the time the judgment was in effect.[3] Plaintiff argues that the reinstatement should be retroactive, so that the parties are returned to the position they were in before the judgment was entered, with their rights and obligations controlled by the contract during the time in which the judgment was in effect.

Plaintiff is correct. In *Lytle v. Payette-Oregon Irr. Dist.*, 175 Or 276, 152 P2d 934 (1944), the plaintiff sought to recover compensation for the use of land and for waste for a period in which the defendant irrigation district held the land as a result of its purchase of it at a judicial sale. The judicial sale, in turn, occurred under a judgment that had foreclosed liens held by the district for irrigation assessments. The foreclosure judgment was set aside on appeal, and the plaintiff then sought compensation from the defendant for the period in which the defendant held the land.

The trial court dismissed the plaintiff's claims for failure to state a claim. The Supreme Court reversed, holding that the plaintiff was entitled to pursue claims that would restore her to the position she was in before the foreclosure judgment was entered, including recovery of the reasonable rental value of the land for the period in which the defendant held it.[4]

---

[3] Defendant's position on this issue is not completely consistent. On the one hand, he says the judgment, and not the contract, should be held to control the parties' relationship during the time the judgment was in effect. He put the point this way in his opening brief:

> "It seems obvious that the parties could not have been subject to both the [judgment] and the contract during the dispossession period, and it would be fiction to say now that they were. The rights and obligations of the contract were abated and tolled by the [foreclosure judgment]."

On the other hand, he asserts that "reversal of the [foreclosure judgment] should return both parties to their positions on the date of the erroneous" foreclosure judgment. This latter statement essentially restates *plaintiff's* position in this case, which is that the decision to set aside the foreclosure judgment served to reinstate the contract as of the date on which the foreclosure judgment was entered.

[4] Whether she ultimately was entitled to this relief turned on the resolution of a

■     *Lytle* supports plaintiff's position in this case. *Lytle* holds that, on reversal of an erroneous judgment affecting an interest in property, a court should try to return the parties to the positions they held *before* the judgment was entered. Thus, reinstatement of the parties' rights after reversal of such a judgment is to be done retroactively, as plaintiff argues, rather than prospectively, as defendant argues.

    In this case, that means that the parties are to be put in the position in which they would have been had the original foreclosure judgment not been entered. The effect of doing that is to reinstate the parties' contract as of the date on which the original foreclosure judgment was entered, which is December 4, 1990, and to treat the contract as having been in effect continuously thereafter.

■     As a consequence, defendant is required to fulfill his obligations under the contract for the period in which the original judgment was in effect, including his obligation to pay interest on the contract. Conversely, he is entitled to enforce his rights under the contract for the same period, including his right to possession of the property.

■     Because defendant could not actually reclaim possession of the property for the period in which the original judgment was in effect, he was entitled to recover from plaintiff the reasonable rental value of the property for this period, just as the plaintiff in *Lytle* was entitled to recover the reasonable rental value of her property for the time in which she was deprived of its possession by the judgment in that case. The amount owed to defendant for such rental value would serve to offset the amounts owed by defendant for interest, taxes and insurance under the contract. However, defendant did not assert a claim for reasonable rental value, so it is not now available to him as an offset.[5]

■     Furthermore, the result produced under *Lytle* is the only result that is fully consistent with the relief sought by

---

number of disputed issues of fact. For purposes of our case, however, the significant point is that the plaintiff was entitled to seek such relief.

    [5] Based on the record in this case, it also appears that the property had no rental value, due to alterations made on it by defendant. Hence, there apparently was no rental value for defendant to claim.

defendant in setting aside the original foreclosure judgment. In effect, defendant seeks a result in which the judgment would be set aside, but it would continue to control the parties' relationship for the period in which it was in effect. Defendant cannot have it both ways. Once the judgment was set aside for lack of personal jurisdiction over defendant, it should have no continuing effect on the parties. It follows, then, that the trial court did not err in including interest in the judgment for the period from December 4, 1990, to October 13, 1992.[6]

■■ Defendant also asks us to establish a period of 180 days for him to pay the amount due under the interlocutory judgment to avoid strict foreclosure. We have authority to establish such a period on remand. *See, e.g., Daly v. Fitch*, 70 Or App 18, 23, 687 P2d 1124 (1984). Given the length of time that this case has been pending, during which time plaintiff has received no payments from defendant on the property, we conclude that 30 days is a more appropriate period for defendant to redeem the property.

Affirmed. Defendant shall have 30 days from the effective date of the appellate judgment in this case to redeem.

---

[6] Although the goal in cases such as this is to place the parties in the position they would have been in but for entry of the erroneous judgment, the result achieved still must be equitable. This may require the court to adjust the parties' rights in appropriate cases. *See Lytle*, 175 Or at 285-92. However, given the facts of this case, no adjustment is required.