**In re Alexander V. STEIN, Debtor.**

**John H. MITCHELL, Trustee, Plaintiff,**

**v.**

**BURT & GORDON, P.C., an Oregon Professional Corporation, Robert G. Burt; Mark A. Gordon; Burt, Vetterlein & Bushnell, P.C., an Oregon Professional Corporation; Andrea L. Bushnell; Burt & Vetterlein, P.C., an Oregon Professional Corporation, Defendants.**

**BURT, VETTERLEIN & BUSHNELL, P.C., an Oregon Professional Corporation, Third–Party Plaintiff,**

**v.**

**George V. STEIN; Mark A. Gordon; Premium Technology, Inc., a North Carolina corporation; Premium Entertainment Network, Inc., a California corporation; and Premium T.V. International, Inc., a California corporation; and Alexander Stein, Third–Party Defendants.**

No. 392–33885–S7.
Adversary No. 92–3112–S.
Civil No. 93–438–FR.

United States District Court,
D. Oregon.

April 21, 1997.

John S. Ransom, Michele L. Kohler, Ransom, Blackman & Maxfield, Portland, OR, for Plaintiff John H. Mitchell, Trustee.

John Folawn, Stephen P. McCarthy, Lane, Powell, Spears, & Lubersky, Portland, OR, for Defendant Mark A. Gordon.

Michael O. Moran, Black Helterline, Portland, OR, for Defendants Burt & Vetterlein, P.C. and Robert G. Burt.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

FRYE, Judge.

The matters before the court are the resolutions of claims for relief one, four, five and six and the remedy under claim for relief two.

The following constitutes findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

### BACKGROUND

This is an adversary proceeding in which the trustee in bankruptcy, John H. Mitchell, seeks to recover property for the bankruptcy estate of the debtor, Alexander V. Stein, punitive damages, attorney fees, and costs. The trustee in bankruptcy sets forth six claims for relief in the amended pretrial order. These claims are (1) avoidance of fraudulent transfer under O.R.S. 95.200 *et seq.;* (2) breach of fiduciary duty; (3) tortious breach of the duty of good faith and fair dealing; (4) to set aside the Sheriff's sale; (5) turnover of property of the estate under 11 U.S.C. § 542(a); and (6) recovery of avoided transfer under 11 U.S.C. § 550(a)(1).

On January 17, 1997, the court dismissed the third claim for relief for the tortious breach of good faith and fair dealing.

On February 24, 1997, a jury returned a verdict against the defendants Burt & Vet-

terlein, P.C., Robert G. Burt, and Mark A. Gordon. The jury found that defendants Burt & Vetterlein, P.C., Robert G. Burt, and Mark A. Gordon breached their fiduciary duties to Alexander Stein, which caused Stein to suffer the loss of his stock in In Focus Systems, Inc. (In Focus Systems). The jury found that plaintiff Mitchell was entitled to recover punitive damages from the three defendants in the following amounts: Burt & Vetterlein, P.C.—$786,000; Robert G. Burt—$670,000; and Mark A. Gordon—$17,000.

The following claims were tried to the court and remain to be resolved: (1) avoidance of fraudulent transfer under O.R.S. 95.200 *et seq.;* (4) to set aside the Sheriff's sale; (5) turnover of property of the estate under 11 U.S.C. § 542(a); and (6) recovery of avoided transfer under 11 U.S.C. § 550(a)(1).

### FINDINGS OF FACT

Alexander V. Stein was a client of the defendant Burt & Gordon, P.C.; Burt & Vetterlein, P.C.; Burt, Vetterlein & Bushnell, P.C.; and Burt & Associates (hereinafter referred to as Burt & Gordon, P.C.) from July 10, 1986 until September 25, 1989. Stein was the subject of an investigation by the Department of Insurance and Finance, Division of Finance and Corporate Securities, of the State of Oregon. Stein had been accepting funds from persons and entities in the State of Oregon for investment purposes. As of May of 1988, Stein owed investors approximately $32 million dollars including the promises that he had made to pay interest on the investments.

Sometime around June 8, 1988, Stein entered into a written fee agreement with the law firm of Burt & Gordon, P.C. At or about this time. two of Stein's investors, Nathan J. Levin and James D. Vick, paid Burt & Gordon, P.C. $20,000 for attorney fees incurred on behalf of Stein.

On August 10, 1988, Stein obtained 71,500 shares of stock in the company, In Focus Systems, for a purchase price of $572,000.

On September 15, 1988, Stein executed an irrevocable stock power to Burt & Gordon, P.C. for his 71,500 shares of stock in In Focus Systems.

On September 16, 1988, Stein delivered to Burt & Gordon, P.C. a stock certificate for the 71,500 shares of Stein's stock in In Focus Systems as security for the debt that Stein owed to Burt & Gordon, P.C. for legal services rendered. By letter dated September 16, 1988, Burt & Gordon, P.C., through attorney Mark Gordon, memorialized this transfer, stating, in part, as follows:

This is to confirm our understanding and agreement with respect to your assignment of your In Focus Systems, Inc., Stock Certificate No. 6 to Burt & Gordon, P.C.

Your assignment is for the purpose of paying all outstanding fees, costs, and advances due to Burt & Gordon, P.C., by you, AVS Research, Inc., and AVS Capital Fund, Ltd., under our Client Matter No. 5390 or otherwise, either now or in the future (hereinafter referred to as "Obligations"). It is not a pledge of the stock, nor a transfer of a security interest in the stock. The stock will be returned to you upon full payment of the Obligations. If, however, such Obligations are not paid within 30 days of our formal, written demand therefor, Burt & Gordon, P.C., shall be free to sell the stock to satisfy the Obligations upon any terms it, in the exercise of its sole discretion, and with no obligation to you to obtain a "best price" or otherwise look after your interests, deems appropriate. Any funds received by Burt & Gordon, P.C., in excess of the Obligations (including Burt & Gordon P.C.'s costs in selling the stock, if any), shall be returned to you.

Plaintiff's Exhibit 1.

On October 26, 1988, Andrea Bushnell, an associate in the law firm of Burt & Gordon, P.C., attended a bankruptcy hearing for the bankrupt, Valley Oil Co. Valley Oil Co. was one of Stein's investors, and Stein owed money to Valley Oil Co. Ann Fisher, an attorney representing the interests of the creditors of Valley Oil Co., stated at that hearing that she had discovered Stein's interest in the stock of In Focus Systems, and that she felt that the bankruptcy estate of Valley Oil Co. could

pursue the In Focus Systems stock as an asset of Stein. Fisher was not aware that Stein had delivered his stock in In Focus Systems to Burt & Gordon, P.C.

On November 11, 1988, Gordon wrote to Stein as follows:

This is to confirm our recent telephone conversation wherein I informed you of Attorney Fisher's comments on the In Re Focus Systems, Inc., stock at an October 26, 1988, Valley Oil "status" hearing. The stock is, obviously, a "targeted" asset. Giving due regard for the Cease and Desist Order, you should consider how to best dispose of the stock for your current needs prior to any action by Attorney Fisher.

Plaintiff's Exhibit 57. Both Robert Burt and Mark Gordon were aware at all times during their representation of Stein that Stein had other legal and financial problems, including threatened civil actions as well as possible criminal prosecutions.

On November 17, 1988, Eric Vetterlein, an associate in the law firm of Burt & Gordon, P.C., conducted research and prepared a memorandum at the direction of Mark Gordon on the topic of the law firm's interest in the stock of In Focus Systems. In that memorandum, Vetterlein reported to Gordon, in part, as follows:

The Firm has equitable title and beneficial ownership of the Stock, but not "legal title" because the Stock has not been transferred on the books and records of the Company. Although the transfer may be voided by Stein's creditors or a trustee in bankruptcy, the Firm would retain an interest in the Stock to the extent of the value it has given to Stein.

Plaintiff's Exhibit 2.

On December 20, 1988, Burt & Gordon, P.C. notified Steven Hix, president of In Focus Systems, that Stein had pledged to Burt & Gordon, P.C. Stock Certificate No. 6 representing 71,500 shares of stock in In Focus Systems.

On January 12, 1989, Stein signed a document called Consent to Pledge the In Focus Systems Stock to Burt & Gordon, P.C.

In June of 1989, Stein requested that the law firm of Burt & Gordon, P.C. analyze claims that he might have against In Focus Systems. Burt & Gordon, P.C. obtained the minute books and financial statements of In Focus Systems. These were reviewed by Robert Burt. In addition, Stein provided to Burt & Gordon, P.C. other information and documents relating to In Focus Systems which Stein had received as a shareholder. From information that was noted in early company documents and in newspaper articles from 1988 and 1989, it was clear that In Focus Systems had hoped to participate in a public offering from its inception.

In approximately August of 1989, the law firm of Burt & Gordon, P.C. began the steps necessary to obtain legal ownership of the In Focus Systems stock. On September 19, 1989, Burt, Gordon and Bushnell met to discuss a public sale of the In Focus Systems stock. A confession of judgment was prepared on September 20, 1989 for Stein's signature in anticipation of the Sheriff's sale.

On September 25, 1989, Stein executed the confession of judgment in favor of Burt & Gordon, P.C. in the amount of $54,936.23, plus interest at the rate of 12% per year.

On September 29, 1989, Gordon wrote to Stein, stating, in part:

This is to confirm that as of September 25, 1989, I have (after several extensions) terminated my engagement as counsel of record in the pending litigation against you. I have also suspended all work on other matters on your behalf (to include the undertaking of any new matters). The reason for this action is the nonpayment of legal fees due since June 20, 1989.

Plaintiff's Exhibit 71.

On October 5, 1989, the confession of judgment in favor of Burt & Gordon, P.C. was entered in the Circuit Court of the State of Oregon for the County of Multnomah. Burt & Gordon, P.C. issued a writ of garnishment on October 11, 1989 and filed a certificate of garnishment on October 13, 1989. Notice of the impending sale of the In Focus Systems stock was placed in three public places by the Sheriff of Multnomah County to take place on October 31, 1989 at the office of Burt & Gordon, P.C.

Prior to the Sheriff's sale, Burt & Gordon, P.C. did not contact any third party about the Sheriff's sale and did not make any effort outside the law firm to determine the value of the In Focus Systems stock.

On October 31, 1989, Burt & Gordon, P.C. purchased the stock in In Focus Systems for $5,000 at the Sheriff's sale which was conducted at the law offices of Burt & Gordon, P.C. No one attended the Sheriff's sale for the purpose of bidding on the stock except for Robert Burt.

On October 31, 1989, Bushnell wrote to Stein on behalf of Burt & Gordon, P.C. stating, in part, as follows:

Burt & Gordon, P.C., has now withdrawn as your legal counsel. As of 11:00 a.m. yesterday, you were indebted to Burt & Gordon, P.C., as follows:

... Total Due ... *$61,818.47*

At 11:00 a.m. yesterday, Burt & Gordon, P.C., purchased 71,500 shares of your common stock in In Focus Systems Inc., at Sheriff's Sale, for the sum of $5,000.00 (which will be applied as follows: $288.98 to accrued interest and $4,711.02 to principal, leaving an unsatisfied Judgment balance of $50,225.21). A Partial Satisfaction of Judgment, in the amount of $5,000.00, will be filed with the Multnomah County Circuit Court forthwith. Your remaining indebtedness to Burt & Gordon. P.C., is now as follows:

... NET DUE *$56,818.47*

Plaintiff's Exhibit 16.

In January of 1990, Burt & Gordon, P.C. contacted In Focus Systems to obtain a replacement stock certificate for the stock it had purchased in In Focus Systems.

On June 21, 1990, Stock Certificate No. 9 dated June 15, 1 990, representing 71,500 shares of In Focus Systems stock, was issued to Burt & Gordon, P.C.

On December 28, 1990, Stein filed a motion to set aside the confession of judgment executed on September 25, 1989.

On December 28, 1990, the In Focus Systems stock which was issued to Burt & Gordon, P.C. was sold in the initial public offering by In Focus Systems for $1,350,000.

After expenses, the net proceeds of this sale of stock in the amount of $1,262,690 were interpled in the registry of the Circuit Court of the State of Oregon for the County of Multnomah. The net proceeds are still held there. The defendants Mark Gordon and Robert Burt have not made any claim to the net proceeds from the sale of the In Focus Systems stock on December 28, 1990. However, the law firm of Burt & Gordon, P.C. makes a claim to those proceeds.

On July 15, 1991, Stein filed a Chapter 11 petition in bankruptcy.

On June 8, 1994, the Court of Appeals for the State of Oregon vacated the confession of judgment executed by Stein in favor of Burt & Gordon, P.C. on September 25, 1989. The Oregon Supreme Court has denied review of the decision of the Oregon Court of Appeals. *Burt & Gordon v. Stein,* 128 Or.App. 350, 355, 876 P.2d 338, *rev. denied,* 320 Or. 270, 882 P.2d 603 (1994).

## APPLICABLE STANDARD

 The party upon which the burden of proof rests must carry that burden by a preponderance of the evidence. A preponderance of the evidence means the greater weight of evidence. It is such evidence that, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. If upon any question in the case, the evidence appears to be equally balanced, or if the court cannot say upon which side it weighs heavier, the question must be resolved against the party upon which the burden of proof rests.

## RULING OF THE COURT

1. *First Claim for Relief—Fraudulent Transfer under State Law*

A. *Intent to Defraud*

 The plaintiff/trustee in bankruptcy contends that the court should find from the circumstantial evidence in this case that Alexander V. Stein intended to hinder, delay or defraud his creditors when he transferred his interest in the stock in In Focus Systems to the law firm of Burt & Gordon, P.C.

The defendant Burt & Gordon, P.C. contends that the plaintiff/trustee has failed to prove that Stein intended to defraud his creditors when he transferred the stock to the law firm of Burt & Gordon, P.C., and that Stein's transfer of the stock amounted to no more than security for the debt he owed to Burt & Gordon, P.C. for past and future legal services.

The actions of Stein that resulted in the transfer of his stock in In Focus Systems to the law firm of Burt & Gordon, P.C. were for the purpose of assuring that Burt & Gordon, P.C. continued to provide legal representation for him. While the law firm of Burt & Gordon, P.C. sought at all times to secure a preference over Stein's other creditors, Stein sought to have the law firm of Burt & Gordon, P.C. continue to represent him. The evidence does not establish by a preponderance of the evidence that Stein acted "[w]ith actual intent to hinder, delay, or defraud any creditor." O.R.S. 95.230(1)(a).

B. *Reasonably Equivalent Value*

O.R.S. 95.230(1) states:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred. if the debtor made the transfer or incurred the obligation:

. . .

(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

O.R.S. 95.240(1) states:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the

obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation.

The financial situation of Stein at the time that he transferred his stock in In Focus Systems to the law firm of Burt & Gordon, P.C. was dire. Stein was insolvent; Stein had debts beyond his ability to pay as they became due; and Stein had few assets of any value, except for the stock in In Focus Systems. The transfer of the stock in In Focus Systems by Stein to the law firm of Burt & Gordon, P.C. was a fraudulent transfer as to the creditors of Stein if the transfer was made "without receiving a reasonably equivalent value in exchange for the transfer." O.R.S. 95.230(1)(b); 95.240(1).

The plaintiff/trustee contends that the sum of $5,000 paid by Burt & Gordon, P.C. at the Sheriff's sale to purchase the stock in In Focus Systems was not a price reasonably equivalent to the value of the stock. The defendants contend that the value of the stock at the time of the Sheriff's sale was unknown; that it must be presumed that the value of the stock at the time of the Sheriff's sale was reasonably equivalent to the purchase price paid because the security interest was intended to secure both antecedent and future debt owed by Stein; and that the value of the stock at the time of the Sheriff's sale was reasonably equivalent in value to the antecedent and future debt owed by Stein under O.R.S. 95.220(2).

A debtor may prefer one creditor over another, provided that the purpose of the preference is not to defraud other creditors; that there was a fair and adequate consideration for the preferential transfer; and that there was no reservation to the debtor of any benefit from the preferential transfer. *Nelson v. Hansen*, 278 Or. 571, 577, 565 P.2d 727 (1977). In *Nelson*, the plaintiff, a creditor of defendants Hansen. filed an action to impose a lien upon a fund representing the proceeds of the sale of the Hansens' home. The Hansens had previously conveyed their home to their attorney,

defendant Winslow, as the trustee, to be held by him as security for the payment of attorney fees incurred in two suits filed against the Hansens by the plaintiff/creditor and as security for payment of previous loans made to their son.

The Oregon Supreme Court explained:

[I]t is established in Oregon, as in most states, that a debtor who is about to be sued in court may transfer assets to his attorney in consideration of future legal services in such litigation and that such transfers will also be upheld against the claims of other creditors when the purpose of the transfer was not to defraud other creditors, where the consideration was fair and adequate and no benefit was reserved to the debtor.

278 Or. at 577, 565 P.2d 727. The Oregon Supreme Court concluded from the evidence that the primary intent of defendants Hansen and of defendant Winslow was to secure defendant Winslow's attorney fees; that the consideration for the transfer was fair and adequate; and that no benefit was unfairly retained by the Hansens with respect to the other creditors. The Court found that the plaintiff/creditor had no claim to the $17,-673.17 in funds representing the proceeds of the sale of the home when attorney Winslow's claims for legal services were $20,900. *Id.* at 581–82, 565 P.2d 727.

■ At the trial of this case. the plaintiff/trustee presented credible evidence from his expert witness, Ralph Arnold, that the fair market value of the stock in In Focus Systems as of October 31, 1989 was $286,000. The defendants presented the testimony of their expert witness, Curtis Kimball, who testified that the fair market value of the stock in In Focus Systems as of October 31, 1989 was $35,750. Finally, Kimball testified that on October 31, 1989, these same shares of stock had an investment value of $5,000.

The testimony of Kimball on behalf of the defendants that the stock in In Focus Systems had an investment value of exactly $5,000. the same amount as the sum paid by Burt & Gordon, P.C. at the Sheriff's sale, was not credible testimony. The testimony of Robert Burt that he did not tell anyone about the Sheriff's sale because Stein asked him not to tell anyone is not credible testimony. The $5,000 offered by Burt & Gordon, P.C. at the Sheriff's sale did not have any relationship to the true value of the In Focus Systems stock and did not represent any effort or intention on the part of Burt & Gordon, P.C. to place a fair market value on the stock. Burt & Gordon, P.C. made no effort to determine the fair market value of the stock prior to the Sheriff's sale or to notify anyone who might offer the fair market price for the purchase of the stock. The lack of effort by Burt & Gordon, P.C. was not a result of negligence, but of an intentional effort to buy the stock at an unconscionably low price.

■ Burt & Gordon, P.C. is not entitled to rely upon O.R.S. 95.220(2), which provides, in part, that "[f]or the purposes of ORS 95.230(1)(b) and 95.240, a person gives a reasonably equivalent value if the person acquires an interest In the debtor in an asset pursuant to a regularly conducted, noncollusive foreclosure sale." The facts before this court do not relate to a noncollusive foreclosure sale.

The consideration that Stein received for his stock in In Focus Systems of a $5,000 satisfaction of part of the attorney fees that he owed to Burt & Gordon, P.C. was not adequate consideration for the stock and was not of "reasonably equivalent value in exchange for the transfer." O.R.S. 95.230(1)(b); 95.240(1).

■ The plaintiff/trustee is entitled to prevail on the first claim for fraudulent transfer against the defendant Burt & Gordon, P.C. Any benefits enjoyed by Burt & Gordon, P.C. from this fraudulent transfer are unjust enrichment. The court will impose a constructive trust on the monies held in the interpleader fund in favor of the plaintiff/trustee. Because the transfer was not to the defendant Robert Burt in his individual capacity or to the defendant Mark Gordon in his individual capacity, and since these defendants have made no claim to the interpleader funds in their individual capacities, the court will not enter judgment against these individual defendants on this claim and will dismiss this claim as to the defendants Robert Burt

and Mark Gordon in their individual capacities. The court will not award punitive damages against the defendant Burt & Gordon, P.C. on this claim for relief.

## 2. Second Claim for Relief—Breach of Fiduciary Duty

■ The jury found that the defendants Burt & Vetterlein, P.C., Robert G. Burt, and Mark A. Gordon breached their fiduciary duties to Alexander Stein, which caused Stein to suffer the loss of his stock in In Focus Systems. The jury found that the plaintiff/trustee was entitled to recover punitive damages from the three defendants in the following amounts: from Burt & Vetterlein, P.C. in the sum of $786,000; from Robert G. Burt in the sum of $670.000; and from Mark A. Gordon in the sum of $17,000.

The plaintiff/trustee asks the court to award to the plaintiff/trustee the net proceeds from the sale of this stock in the amount of $1,262,690 which proceeds have been interpled in the registry of the Circuit Court of the State of Oregon for the County of Multnomah.

The defendants contend that this is the wrong remedy because a constructive trust is an entirely equitable remedy. The defendants contend that the correct remedy is a remedy at law measured by the difference between the fair market value of the In Focus Systems stock at the time of the Sheriff's sale and the actual sale price of $5,000.

This case is unique in that the compensatory damages which the plaintiff/trustee sought to recover against the defendants for the breach of fiduciary duty were deposited in an interpleader fund and could not be recovered directly from the defendants. The monies held in the interpleader fund are the damages suffered by Stein as a result of the defendants' breach of fiduciary duty, and the plaintiff/trustee is entitled to recover the interpleader funds based upon the verdict of the jury on the second claim for relief for breach of fiduciary duty. The defendant Burt & Gordon. P.C. is not entitled to receive any benefit from its acquisition of the In Focus Systems stock as a result of its breach of fiduciary duty to Stein. Any and all claims of Burt & Gordon, P.C. to the interpleader funds are denied based upon the verdict of the jury.

## 3. Fourth Claim for Relief—Vacate Judgment and Set Aside Sheriff's Sale Under State Law

■ The plaintiff/trustee moves the court to return the proceeds of the Sheriff's sale on the grounds that the confession of judgment upon which the Sheriff's sale was based was vacated by order of the Oregon Court of Appeals. *Burt & Gordon v. Stein,* 128 Or. App. 350, 355, 876 P.2d 338, *rev. denied,* 320 Or. 270, 882 P.2d 603 (1994). The defendant Burt & Gordon, P.C. contends that the damages which were incurred when the Sheriff's sale was set aside, if any, are limited to the fair market value of the In Focus Systems stock on October 31, 1989 and the $5,000 paid by Burt & Gordon, P.C. for the stock.

In *Shook v. Vonder Haar,* 134 Or.App. 170, 894 P.2d 1178 (1995), the court addressed the effect to be given to a decision to set aside an earlier judgment and reinstate the plaintiff's rights under a land sale contract. The defendant argued that the reinstatement should be prospective only. The plaintiff argued that the reinstatement should be retroactive so that the parties are returned to the position they were in before the judgment was entered. The court concluded that:

> *Lytle* [*v. Payette–Oregon Slope Irr. Dist.,* 175 Or. 276, 152 P.2d 934 (1944) ] supports plaintiff's position in this case. *Lytle* holds that, on reversal of an erroneous judgment affecting an interest in property, a court should try to return the parties to the positions they held *before* the judgment was entered. Thus, reinstatement of the parties' rights after reversal of such a judgment is to be done retroactively, as plaintiff argues, rather than prospectively, as defendant argues.

134 Or.App. at 175, 894 P.2d 1178 (emphasis in original).

This court concludes that the plaintiff/trustee is entitled to the funds held in interpleader. These funds are the result of the action taken by Burt & Gordon, P.C. as a result of the void judgment. In order to return the parties to the positions they held

before the void judgment was entered, the interpleader funds must be awarded to the creditors of Stein.

Plaintiff/trustee is entitled to judgment on the fourth claim for relief.

4. *Fifth Claim for Relief—Turnover Pursuant to 11 U.S.C. § 542; and Sixth Claim for Relief—Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550(a)*

The plaintiff/trustee contends that these claims are the same as those set forth in the first, second and fourth claims for relief, and they should be found in the plaintiff/trustee's favor.

Burt & Gordon, P.C. contends that these claims are not claims for relief, but are only allegations of a remedy to which the plaintiff/trustee might be entitled if the plaintiff/trustee prevails on claims one, two and four.

Since the court and the jury have concluded that the plaintiff/trustee is entitled to prevail on claims one, two and four, any relief obtained through claims five and six are rendered moot.

## CONCLUSION

The plaintiff/trustee is entitled to prevail on the first claim for fraudulent transfer against the defendant Burt & Gordon, P.C. The court will impose a constructive trust in favor of the plaintiff/trustee on the monies held in the interpleader find. The court will dismiss the first claim for fraudulent transfer as to the defendants Robert G. Burt and Mark A. Gordon in their individual capacities. The court will not award punitive damages against the defendant Burt & Gordon, P.C. on the first claim for relief.

The plaintiff/trustee is entitled to recover the interpleader funds based upon the verdict of the jury on the second claim for breach of fiduciary duty. Any and all claims of the defendant Burt & Gordon, P.C. to the interpleader funds are denied based upon the verdict of the jury.

The plaintiff/trustee is entitled to judgment on the fourth claim for relief. In order to return the parties to the positions they held before the entry of the void judgment, the interpleader funds will be awarded to the creditors of Stein.

The court will dismiss the fifth and sixth claims for relief without prejudice.

The plaintiff/trustee shall prepare an appropriate judgment based upon the verdict of the jury and the findings of fact and conclusions of law of the court.