In re Alexander V. STEIN, Debtor.

John H. MITCHELL, Trustee, Plaintiff,

v.

BURT & GORDON, P.C., an Oregon Professional Corporation, Robert G. Burt; Mark A. Gordon; Burt, Vetterlein & Bushnell, P.C., an Oregon Professional Corporation; Andrea L. Bushnell; Burt & Vetterlein, P.C., an Oregon Professional Corporation, Defendants.

BURT, VETTERLEIN & BUSHNELL, P.C., an Oregon Professional Corporation, Third–Party Plaintiff,

v.

George V. STEIN, Mark A. Gordon; Premium Technology, Inc., a North Carolina corporation; Premium Entertainment Network, Inc., a California corporation; and Premium T.V. International, Inc., a California corporation; and Alexander Stein, Third–Party Defendants.

Civil No. 93–438–FR.
Adversary No. 392–33885–S7.

United States District Court,
D. Oregon.

June 27, 1997.

John S. Ransom, Michele L. Kohler, Ransom, Blackman & Maxfield, Portland, OR, for Plaintiff John H. Mitchell, Trustee.

John Folawn, Stephen P. McCarthy, Lane Powell Spears & Lubersky, Portland, OR, for Defendant Mark A. Gordon.

Michael O. Moran, Black Helterline, Portland, OR, for Defendants Burt & Vetterlein, P.C. and Robert G. Burt.

## OPINION

HELEN J. FRYE, District Judge.

The matters before the court are 1) the cross-claim for indemnity asserted by defendant Mark A. Gordon against defendant Burt & Gordon, P.C.; 2) the cross-claim for indemnity asserted by defendant Burt & Gordon, P.C. against defendant Mark A. Gordon; 3) the third-party claims against George V. Stein and the Premium Companies; and 4) the objections to the proposed judgment.

## BACKGROUND

This is an adversary proceeding in which the trustee in bankruptcy, John H. Mitchell, seeks to recover property for the bankruptcy estate of the debtor, Alexander V. Stein, punitive damages, attorney fees, and costs.

On February 24, 1997, a jury returned a verdict against defendant Burt & Gordon, P.C., defendant Robert G. Burt, and defendant Mark A. Gordon. The jury found that defendant Burt & Gordon, P.C., defendant Robert G. Burt, and defendant Mark A. Gordon breached the fiduciary duties that they owed to Alexander V. Stein, which caused Stein to suffer the loss of his stock in In Focus Systems, Inc. (In Focus Systems). The jury found that the plaintiff, John H. Mitchell, trustee, was entitled to recover punitive damages from the three defendants in the following amounts: Burt & Gordon, P.C.—$786,000; Robert G. Burt—$670,000; and Mark A. Gordon—$17,000.

On April 21, 1997, this court entered Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure resolving the following claims of the trustee in bankruptcy: (1) avoidance of fraudulent transfer under O.R.S. 95.200 *et seq.;* (4) to set aside the Sheriff's sale; (5) turnover of property of the estate under 11 U.S.C. § 542(a); and (6) recovery of avoided transfer under 11 U.S.C. § 550(a)(1). The court concluded:

> The plaintiff/trustee is entitled to prevail on the first claim for fraudulent transfer against the defendant Burt & Gordon, P.C. The court will impose a constructive trust in favor of the plaintiff/trustee on the monies held in the interpleader fund. The court will dismiss the first claim for fraudulent transfer as to the defendants Robert G. Burt and Mark A. Gordon in their individual capacities. The court will not award punitive damages against the defendant Burt & Gordon, P.C. on the first claim for relief.

> The plaintiff/trustee is entitled to recover the interpleader funds based upon the verdict of the jury on the second claim for breach of fiduciary duty. Any and all claims of the defendant Burt & Gordon, P.C. to the interpleader funds are denied based upon the verdict of the jury.

> The plaintiff/trustee is entitled to judgment on the fourth claim for relief. In order to return the parties to the positions they held before the entry of the void judgment, the interpleader funds will be awarded to the creditors of Stein.

> The court will dismiss the fifth and sixth claims for relief without prejudice.

Findings of Fact and Conclusions of Law, p. 15.

## ANALYSIS

I. *The Cross–Claim for Indemnity Asserted by Defendant Mark A. Gordon Against Defendant Burt & Gordon, P.C.*

Defendant Mark A. Gordon contends that this court should order defendant Burt & Gordon, P.C. to indemnify him for the $17,000 in punitive damages awarded against him by the jury on the grounds that the evidence at trial was undisputed that he acted in good faith and in the best interests of the law firm. Defendant Burt & Gordon, P.C. contends that it is not fair and reasonable that defendant Burt & Gordon, P.C. indemnify defendant Gordon because the jury found that defendant Gordon acted with malice and reckless disregard of the rights of Alexander Stein, which finding is inconsistent with a finding that defendant Gordon acted in good faith and in the best interests of Burt & Gordon, P.C.

O.R.S. 60.401 provides, in part:

> Unless the corporation's articles of incorporation provide otherwise, a director of the corporation who is a party to a proceeding may apply for indemnification to the court conducting the proceeding or to another court of competent jurisdiction. On receipt of an application, the court after giving any notice the court considers necessary may order indemnification if it determines:

> . . . .

> (2) The director is fairly and reasonably entitled to indemnification in view of all of the relevant circumstances, whether or not the director met the standard of conduct set forth in ORS 60.391 or was adjudged liable as described in ORS 60.391(4), whether the liability is based on a judgment, settlement or proposed settlement or otherwise.

The court finds that it is not fair and reasonable to order Burt & Gordon, P.C. to indemnify defendant Gordon for $17,000 in punitive damages awarded to the plaintiff in this case. The jury had to have found that defendant Gordon breached a fiduciary duty to Alexander Stein and acted with malice and with reckless disregard of the rights of Alexander Stein. These acts were not taken in the best interests of the corporation or with good faith.

2. *The Cross–Claim for Indemnity Asserted by Defendant Burt & Gordon, P.C. Against Defendant Mark A. Gordon*

Defendant Burt & Gordon, P.C. alleges a cause of action against defendant Gordon for common law indemnity seeking the $1.7 million in the interpleader fund and seeking $786,000 in punitive damages awarded by the

jury against defendant Burt & Gordon, P.C. Burt & Gordon, P.C. also seeks the costs of Burt & Gordon, P.C. in defending the claims against it in this action. Burt & Gordon, P.C. contends that this corporation can only be held vicariously liable for the acts of defendant Burt and defendant Gordon.

Defendant Gordon contends that the claim for indemnity against him for the interpleader fund must fail because he is not liable to the plaintiff for the constructive trust placed on the interpleader fund. Defendant Gordon further contends that the court should not order him to indemnify defendant Burt & Gordon, P.C. for the jury verdict of $786,000 in punitive damages or for the costs and attorney fees in defending this action on the grounds that 1) the jury verdict shows that the liability of Burt & Gordon, P.C. was derived from the conduct of defendant Burt and not the conduct of defendant Gordon; and 2) the jury was instructed, without objection from defendant Burt & Gordon, P.C., that the shareholders of the firm would not be responsible for any verdict the jury may return against defendant Burt & Gordon, P.C., and defendant Burt & Gordon, P.C. is estopped from shifting its position in order to hold defendant Gordon liable for the punitive damages awarded against defendant Burt & Gordon, P.C.

■ A claimant for indemnity must plead and prove 1) that it has discharged a legal obligation owed to a third party; 2) that the defendant in the indemnity action is also liable to the third party; and 3) that between the claimant · and the defendant, the obligation ought to be discharged by the latter. *Scott v. Francis*, 314 Or. 329, 332, 838 P.2d 596 (1992).

■ Defendant Gordon is not liable to the plaintiff for the interpleader fund. Defendant Gordon did not make a claim to the interpleader fund and is not required to indemnify defendant Burt & Gordon, P.C. because the corporation lost its claim to the interpleader fund. As between defendant Gordon and defendant Burt & Gordon, P.C., there is no basis for this court to order

defendant Gordon to indemnify defendant Burt & Gordon, P.C. for the monies in the interpleader fund. The dispute over the monies in the interpleader fund has been resolved by the jury and by the court. In summary, defendant Burt & Gordon, P.C. has no right to the monies in the interpleader fund from any source.

Defendant Burt & Gordon, P.C. argues:

With regard to the judgment against Burt & Gordon for $786,000 for punitive damages, Gordon is also liable to plaintiff. The jury did return a verdict against him for punitive damages.

... A corporation can only be vicariously liable through acts of its representatives. The jury found Burt & Gordon liable in part because of actions of Gordon.

Memorandum of Defendants Burt & Gordon, P.C. and Robert G. Burt in Support of Their Claims now Pending in this Action, pp. 5–6.

■ As to the second claim for relief, the jury found that the plaintiff was entitled to recover punitive damages from the three defendants in the following amounts: from defendant Burt & Gordon, P.C. in the sum of $786,000; from defendant Robert G. Burt in the sum of $670,000; and from defendant Mark A. Gordon in the sum of $17,000. The jury had been instructed to consider each defendant separately.

This court concludes that defendant Burt & Gordon, P.C. is not entitled to prevail on its claim of common law indemnity against defendant Gordon because defendant Burt & Gordon, P.C. has failed to prove that 1) defendant Gordon is also liable to the plaintiff for the $786,000 in punitive damages; and 2) that as between defendant Burt & Gordon, P.C. and defendant Gordon, the $786,000 in punitive damages should be discharged by defendant Gordon.

The jury considered each defendant separately in its award of punitive damages and awarded punitive damages in differing amounts against each defendant based upon the facts of the case and the instructions of the court. The court finds that defendant Gordon, who is a 1% shareholder in defendant Burt & Gordon, P.C., should not be ordered to discharge the punitive damages

that the jury awarded against defendant Burt & Gordon, P.C.

### 3. *The Third–Party Claims Against George V. Stein and the Premium Companies*

Defendant Burt & Gordon, P.C. states that "[b]y agreement of Burt & Gordon and third-party defendants George V. Stein and the Premium Companies, the third-party claims have been abated until plaintiff's claims against defendants have been determined." Memorandum of Defendants Burt & Gordon, P.C. and Robert G. Burt in Support of Their Claims now Pending in this Action, p. 3. Defendant Burt & Gordon, P.C. contends that these third-party claims require a trial on the merits, but that they do not prevent the entry of judgment on the other issues and claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The court will enter judgment on the other issues and claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. A pretrial order shall be lodged on the third-party claims against George Stein and the Premium Companies on or before October 30, 1997. The trial is set for April 14, 1998.

### 4. *The Objections to the Proposed Judgment*

On April 28, 1997, the plaintiff submitted a Rule 54(b) judgment to the court for its consideration. Defendant Mark A. Gordon and defendants Burt & Gordon, P.C. and Robert G. Burt have submitted objections to the proposed judgment. The plaintiff has not filed a response to the objections filed by these defendants. The court resolves the objections as follows:

(a) The defendants object to the incorporation of the Findings of Fact and Conclusions of Law filed by this court on April 21, 1997 into the proposed judgment. Rule 54(a) of the Federal Rules of Civil Procedure states, in part, that "[a] judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings." This court will not incorporate the Findings of Fact and Conclusions of Law filed by this court on April 21, 1997, 208 B.R. 209 into the judgment.

(b) The defendants object to the failure of the proposed judgment to state that the court dismissed the plaintiff's first claim for relief for fraudulent transfer as to defendants Mark A. Gordon and Robert G. Burt in their individual capacities. The judgment should so state. Findings of Fact and Conclusions of Law, April 21, 1997, 208 B.R. at 218.

(c) Defendant Gordon objects to the attempt by the plaintiff to make defendant Gordon a judgment debtor on the fourth claim for relief to vacate the judgment and to set aside the Sheriff's sale under the laws of the State of Oregon. The reference on page four of the proposed judgment to the fourth claim for relief names "defendants Burt & Vetterlein, P.C., fka Burt, Vetterlein & Bushnell, P.C., fka Burt & Gordon, P.C." and does not name defendant Mark A. Gordon in his individual capacity as a defendant. The court finds the alleged names of the law firm to be appropriate.

(d) Defendants Mark A. Gordon and Robert G. Burt object to the following language included in the proposed judgment on page four:

> that upon the Court's decision on the Second Claim for Relief that the plaintiff/trustee recover of the defendants Burt & Vetterlein, P.C., fka Burt, Vetterlein & Bushnell, P.C., fka Burt & Gordon, P.C., Robert G. Burt and Mark A. Gordon, the monies with interest held in the interpleader fund in the Circuit Court for the State of Oregon for the County of Multnomah, Case No. 9012–08205, and

As to the second claim for relief, the jury found that defendants Burt & Vetterlein, P.C., Robert G. Burt, and Mark A. Gordon breached their fiduciary duties to Alexander Stein, which breach caused Stein to suffer the loss of his stock in In Focus Systems. The jury found pursuant to the second claim for relief that the plaintiff/trustee was entitled to recover punitive damages from the three defendants in the following amounts: from Burt & Gordon, P.C. in the sum of $786,000; from Robert G. Burt in the sum of $670,000; and from Mark A. Gordon in the sum of $17,000.

In the Findings of Fact and Conclusions of Law filed on April 21, 1997, the court concluded that "[t]he monies held in the interpleader fund are the damages suffered by Stein as a result of the defendants' breach of fiduciary duty, and the plaintiff/trustee is entitled to recover the interpleader funds based upon the verdict of the jury on the second claim for relief for breach of fiduciary duty." *Id.* at 217.

Under these circumstances, the court will enter judgment against defendants Mark A. Gordon and Robert G. Burt based upon the verdict of the jury on the second claim for relief for breach of fiduciary duty. Under these circumstances, the court finds that the plaintiff is entitled to recover the interpleader funds based upon the verdict of the jury on the second claim for relief for breach of fiduciary duty and that "[a]ny and all claims of Burt & Gordon, P.C. to the interpleader funds are denied based upon the verdict of the jury." *Id.* at 217. Since defendants Mark A. Gordon and Robert G. Burt did not, in their individual capacities, make any claim to the interpleader funds, it is not necessary as to them for the judgment to mention such claims.

(e) Andrea Bushnell requests that the judgment that is entered reflect the disposition of the plaintiff's claims found in favor of Andrea Bushnell on her judgment on the pleadings and the dismissal of the cross-claim against Bushnell brought by Mark Gordon. The judgment shall so state.

(f) Defendant Mark A. Gordon requests that the judgment reflect the dismissal of the fifth and sixth claims for relief without prejudice as stated in the Findings of Fact and Conclusions of Law, April 21, 1997, at 218. The judgment shall so state.

(g) The judgment shall reflect the rulings made by the court in this opinion and shall be entered pursuant to Rule 54(b) on the grounds that there is no just reason for delay.

## CONCLUSION

The cross-claim for indemnity alleged by defendant Mark A. Gordon against defendant Burt & Gordon, P.C. is dismissed.

The cross-claim for indemnity alleged by defendant Burt & Gordon, P.C. against defendant Mark A. Gordon is dismissed.

A pretrial order shall be lodged on the third-party claims against George V. Stein and the Premium Companies by October 30, 1997. The trial is set for April 14, 1998.

The court will enter judgment on the issues and claims in this case other than the third-party claims against George V. Stein and the Premium Companies pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The parties shall prepare an appropriate judgment based upon the findings of the court.