### In re Alexander V. STEIN, Debtor.

### Bankruptcy No. 392–33885–RLD7. Civ. No. 99–786–FR.

United States District Court,
D. Oregon.

July 7, 1999.

John S. Ransom, Ransom Blackman, Portland, OR, for Appellee John H. Mitchell, Trustee.

Daniel H. Rosenhouse, Assistant Attorney General, Department of Justice, Portland, OR, for Appellee State of Oregon.

Michael O. Moran, Black Helterline LLP, Portland, OR, for Appellants Burt & Gordon, P.C. and Robert G. Burt.

---

## OPINION AND ORDER

FRYE, District Judge.

The matters before the court are 1) the notice of appeal by Burt & Gordon, P.C. and Robert G. Burt from the final order of the United States Bankruptcy Court for the District of Oregon filed on January 26, 1999 approving a settlement agreement between the Trustee and the State of Oregon (# 199); 2) the trustee's motion for attorney fees and costs (# 220); and 3) the State of Oregon's motion for attorney fees and costs (# 223).

### FACTS

In July of 1991, Alexander Stein filed a petition in bankruptcy. On August 13, 1992, the trustee in bankruptcy filed an amended complaint against the appellants in this matter and others. The adversary proceeding was transferred to this court on August 12, 1993.

The matter proceeded to trial before this court. On February 24, 1997, a jury returned its verdict against appellant Burt & Vetterlein, successor in interest to appellant Burt & Gordon, P.C., for punitive damages in the amount of $786,000.00 and against appellant Robert G. Burt for punitive damages in the amount of $670,000.00. This court found in favor of the trustee on the equitable state law claims. *In re Stein*, 208 B.R. 209 (D.Or.1997).

On August 7, 1997, this court entered judgment pursuant to the verdict of the jury in favor of the trustee, which included punitive damages against appellants Burt & Gordon, P.C. and Robert G. Burt in the respective amounts of $786,000.00 and $670,000.00.

Appellants Burt & Gordon, P.C. and Robert G. Burt filed post-judgment motions, which were denied by this court. Counsel for Burt & Gordon, P.C. and Robert G. Burt did not receive notice of the rulings of this court on the post-judgment motions. After a lapse of 180 days, Burt & Gordon, P.C. and Robert G. Burt learned that the post-judgment motions had been denied. Burt & Gordon, P.C. and Robert G. Burt then filed motions to vacate the judgment in order to allow them to file notices of appeal from the judgment and to obtain an extension of time in which to file their notices of appeal. This court denied their motions to vacate the judgment and to obtain an extension of time in which to file their notices of appeal pursuant to Rule 77(d) of the Federal Rules of Civil Procedure and Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Burt & Gordon, P.C. and Robert G. Burt filed their notices of appeal from this court's denial of their motions to vacate judgment with the United States Court of Appeals for the Ninth Circuit. This appeal is pending.

On August 3, 1998, the State of Oregon filed a motion in this court seeking to intervene and to amend the judgment entered by this court on August 7, 1997 to include the State of Oregon as a judgment creditor as required under ORS 18.540, which states, in part:

(1) Upon the entry of a verdict including an award of punitive damages, the Department of Justice shall become a judgment creditor as to the punitive damages portion of the award to which the Criminal Injuries Compensation Account is entitled pursuant to paragraph (b) of this subsection . . .

. . . .

(2) The party preparing the proposed judgment shall assure that the judgment identifies the judgment creditors specified in subsection (1) of this section.

This court allowed the motion to intervene by the State of Oregon. Prior to any ruling by this court on the State of Oregon's motion to intervene and to amend the judgment, the trustee and the State of Oregon entered into a settlement agreement. The settlement agreement between the trustee in bankruptcy and the State of Oregon provides that the proceeds from the collection of punitive damages shall be allocated (1) to pay the reasonable costs of

collection; (2) 20 percent of the remainder, up to a maximum of $165,000.00, to be paid to the bankruptcy estate for reimbursement of the costs of obtaining the punitive damages award; and (3) the remaining 80 percent to be divided evenly between the State of Oregon and the bankruptcy estate.

This court granted the State of Oregon's motion to abate further proceedings on the State of Oregon's motion to amend judgment pending approval of the settlement agreement between the State of Oregon and the trustee in the United States Bankruptcy Court. The United States Bankruptcy Court subsequently approved the settlement agreement in an order dated January 26, 1999. The appeal before this court was filed from the order of January 26, 1999 by appellants Burt & Gordon, P.C. and Robert G. Burt.

## CONTENTIONS OF APPELLANTS

Appellants Burt & Gordon, P.C. and Robert G. Burt contend that the judgment in this case must be amended to expressly name the State of Oregon as a judgment creditor pursuant to the requirements of ORS 18.540. Appellants contend that without such an amended judgment, the State of Oregon has no rights and its settlement with the trustee in bankruptcy is void.

Appellants contend that the promise of the trustee in bankruptcy in the settlement agreement is insufficient to support a binding contract because the trustee in bankruptcy is essentially promising to give to the State of Oregon something to which the State of Oregon is already entitled to receive by operation of law, namely ORS 18.540.

Appellants further contend that ORS 18.540 guarantees to appellants Burt & Gordon, P.C. and Robert G. Burt the right to participate in any agreement that modifies the statutorily mandated payment schedule and that the settlement agreement deprives appellants of the finality

and protection that payment of a final judgment provides.

Appellants contend that the ruling of the bankruptcy judge on the objections of appellants Burt & Gordon, P.C. and Robert G. Burt to the settlement agreement between the trustee and the State of Oregon was based upon an erroneous reading of the law and should be reviewed *de novo* by this court.

## CONTENTIONS OF THE TRUSTEE IN BANKRUPTCY

The trustee in bankruptcy contends that the order of a bankruptcy court approving a trustee's application to compromise a controversy is reviewed for an abuse of discretion.

The trustee in bankruptcy further contends that appellants have no standing to appeal from the approval of the settlement agreement by the bankruptcy judge. The trustee in bankruptcy contends that the situation before this court is no different than a judgment creditor assigning a portion of its judgment to a third party.

The trustee in bankruptcy argues that there is no requirement in federal court to list all judgment creditors in the judgment; that there is adequate consideration to support the compromise; and that appellants have no standing to participate in the compromise. The trustee contends that appellants are using this appeal solely as a mechanism to attempt to reopen the judgment from which they filed an untimely appeal.

The trustee further moves the court for attorney fees and two times its costs on the grounds that the appeal is frivolous.

## CONTENTIONS OF THE STATE OF OREGON

The State of Oregon contends that the proper standard of review of an order approving a settlement by a trustee is abuse of discretion. The State of Oregon contends that the settlement between the State and the trustee is fair and equitable

and is supported by consideration. The State of Oregon contends that appellants cannot compel the State of Oregon to litigate the issue of whether it is required to be included as a judgment creditor in the judgment in federal court if the State of Oregon is willing to compromise its claim fairly and equitably with the trustee in bankruptcy.

The State of Oregon contends that appellants' arguments are without merit, and that this court should award attorney fees to the State of Oregon and against appellants.

## RULING OF THE COURT

The bankruptcy judge considered the objections of appellants Burt & Gordon, P.C. and Robert G. Burt to the settlement between the State of Oregon and the trustee and approved the settlement.

 Pursuant to Bankruptcy Rule 9019(a), compromises are favored in bankruptcy; therefore, the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in his or her sound discretion. The law is settled that the proper standard of review for an order approving a settlement by a trustee in bankruptcy is abuse of discretion. *In re Sassalos*, 160 B.R. 646, 653 (D.Or.1993) (Frye, J.), *citing* 9 Collier on Bankruptcy, § 9019.03 (15th ed.). In *In re Sassalos*, this court stated:

The standards for approval of a proposed settlement have been enunciated in the Ninth Circuit, and in order to determine whether a proposed settlement is fair and equitable, the bankruptcy court must consider four factors:

(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper def-erence to their reasonable views in the premises.

*Id.*

In *Vantulden v. Tactica Corp.*, Civil No. 96–1647–HU, the State of Oregon filed a motion to amend the judgment pursuant to ORS 18.540 to reflect the State's alleged entitlement as a judgment creditor to a portion of the punitive damages awarded to the plaintiffs on their state law claim. The Honorable Dennis James Hubel, United States Magistrate Judge, ruled that the State of Oregon is a judgment creditor, even though it had not been named in the federal court judgment, and that the State of Oregon need not have been named in the federal court judgment. Magistrate Judge Hubel concluded that "the statute relied upon by the State to require its identification as a judgment creditor on the judgment is procedural and does not apply to federal court judgments. Federal court judgments do not list the judgment creditors, while Oregon state court judgments do." Order, October 1, 1998, pp. 3–4.

Appellant's contention that the State of Oregon must have been expressly named as a judgment creditor in the federal court judgment does not preclude the settlement in this case. Given the uncertainties of the legal requirements and the collection issues, the trustee in bankruptcy and the State of Oregon were free to work out their own agreement, subject to the approval of the bankruptcy court. The settlement agreement in this case, which is between the trustee in bankruptcy and the State of Oregon, eliminated uncertainties detrimental to both the State of Oregon and the trustee. The settlement agreement was supported by adequate consideration. There are no grounds for appellants to believe that they may be subject to multiple payment obligations as a result of the settlement between the trustee in bankruptcy and the State of Oregon.

Each of the issues presented to this court was fully considered by the bankruptcy court through the objections made

by appellants Burt & Gordon, P.C. and Robert G. Burt to the settlement. The bankruptcy judge addressed each issue and approved the settlement. Excerpts of Record, pp. 91–94. This court finds that the bankruptcy court did not abuse its discretion in approving the proposed settlement.

## CONCLUSION

The court declines to award attorney fees to the trustee in bankruptcy and to the State of Oregon and against appellants.

IT IS HEREBY ORDERED that 1) the notice of appeal filed by appellants Burt & Gordon, P.C. and Robert G. Burt from the final order of the United States Bankruptcy Court for the District of Oregon dated January 26, 1999 approving a settlement agreement between the trustee and the State of Oregon (# 199) is DISMISSED; 2) the trustee's motion for attorney fees and costs (# 220) is DENIED; and 3) the State of Oregon's motion for attorney fees and costs (# 223) is DENIED.